BOYD, Justice.
This cause is before us on appeal from the Criminal Court of Record, Dade County. That Court passed on the validity of Florida Statute § 461.02, F.S.A., giving this Court jurisdiction of the appeal under § 4 of Article V, Florida Constitution, F. S.A.
Appellee Ramos was charged under Florida Statute § 461.02, F.S.A. with practicing podiatry without a license. Ramos moved to dismiss the information on the ground that the Statute on which it was based was unconstitutional. The trial court granted the motion to dismiss but without written order. This Court in its opinion filed May 28, 1969,[1] temporarily remanded to the trial judge for entry of an order in accord with the directive in State v. Kahler.[2] On remand the trial judge entered the following order:
“The Motion to Dismiss was heard by this Court and it is the finding of this Court that the Statute is unconstitutional in that it is vague and ambiguous because of a lack of definition of what is meant by ‘profess to be a chiropodist.’ (sic)
“It is the Court’s finding that Chapter 461.02 is unconstitutional in that it deprives the Defendant of due process of law because of its vagueness and ambiguity and deprives the Defendant of his constitutional rights guaranteed by the Fifth and Fourteenth amendments to the United States Constitution and Section Twelve of the Declaration of Rights of the Florida Constitution (Brack vs. Hardie, 114 Fla. 670, 154 So. 690).”
Florida Statute § 461.02, F.S.A. provides :
“461.02 Unlawful to practice podiatry without license; application. — It is unlawful for any person to profess to be a podiatrist or to practice or assume the duties incident to podiatry without first obtaining from the state board of podiatry examiners, a podiatry license. All persons before being licensed to practice podiatry in the state, shall make a signed and sworn to application upon a blank form authorized and furnished by the *383 state board of podiatry examiners, to the secretary-treasurer of said board of podiatry examiners, which license shall be granted to such applicants after they shall have furnished satisfactory proof of being at least twenty-one years of age and of good moral character, but only upon compliance with the conditions provided in this chapter.” (e.s.)
The attack on Florida Statute § 461.02, F.S.A. is directed at the word “profess” used in the Statute. It is contended that the term “profess” is too vague and ambiguous. We disagree. Webster’s Unabridged Dictionary defines “profess” as “to proclaim oneself versed in (as a calling).” We construe the term as equivalent to the terminology “to hold himself out as,” [3] or "to represent himself to be” [4] used in Statutes regulating occupations and professions in Florida. Clearly, not every private, casual incident will suffice. As stated by this Court in State ex rel. Florida Indus. Commission v. Willis:[5]
“ * * * a statute should not be construed to bring about an unreasonable or absurd result and * * * a statutory provision should be construed to effectuate the intention of the legislature in enacting the statute * * *.”
A common sense interpretation of this type of statutory language limits its applicability to those situations which pose a threat to the public. The “professing” or “holding out” must be in apparent contemplation of illegal practice.
The undisputed facts in the instant case are that appellee Ramos’ office had the word “quiropedista” lettered on the door. He informed one Pedro Navarro, an agent of the State Board of Podiatry and patient, that he, Ramos, was very busy and that he was a very good chiropodist.[6] He claimed to be covered under approximately seven American licenses and to be an employee of the Flagler Medical Center. Appellee also placed ads in the newspaper.
In addition to professing and holding himself out as a podiatrist, appellee practiced or assumed the duties incident to podiatry by working on Navarro’s feet with several instruments, including a surgical knife. It is important to note, however, that the Statute was violated when appellee professed to be a licensed podiatrist, even had he not actually treated anyone.
Under Florida Statute § 461.02, F.S.A., law enforcement officers need not wait until a person operating an office, advertising and otherwise holding himself out as licensed, actually undertakes to practice his purported profession. The reason is obvious. Bodily injury, property loss and death might result from the first acts of practice. The public interest demands that unlicensed persons be stopped, if possible, before they have an opportunity to do injury to others.
Accordingly, the decision of the lower court is reversed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C. J., and DREW, CARLTON and ADKINS, JJ., concur.

. State v. Ramos, 224 So.2d 276 (Fla.1969).

. 224 So.2d 272 (Fla.1969).

. See e. g., Fla.Stat. §§ 454.23, F.S.A. (attorneys), 458.13 (doctors), 463.20 (optometrist), 472.13 (land surveyors), 473.-23(7) (certified public accountants), 481.-101 (landscape architects).

. See e. g., Fla.Stat. §§ 465.072, F.S.A. (pharmacists), 490.011 (psychologists), 491.14 (sanitarians).

. 124 So.2d 48, 51 (Fla.App.1st 1960).

. Chiropody and Podiatry are synonyms for the care and treatment of the human foot.