PEARSON, Chief Judge.
The appellant is a teacher in the Dade County Public Schools. He brought an action for a declaratory judgment in his own behalf and in behalf of other teachers in the Dade County Schools who may claim similar rights to a continuing contract with the Dade County School Board.
The controversy between the parties has its origin in the fact that in the 1967 legislative session, the Legislature of the State of Florida amended the statutory requirements for a continuing contract. Prior to the amendment, the statute which was sect. 231.36 Fla.Stat., F.S.A. read (now sect. 231.36(3) (a), Fla.Stat., F.S.A.):
“* * * Each member of the instructional * * * staff in each county school system * * * who holds a regular certificate based at least on *509 graduation from a standard four year college, or as otherwise provided by law, who has completed three years of probationary service in the same county of the state during a period not in excess of five successive years; such service being continuous except for leave duly authorized and granted, who has been reappointed for the fourth year, and, who has met the requirements of § 231.16(2), relating to comprehensive examination and score thereon, shall, be entitled to and shall be issued a continuing contract * * * ” (Emphasis supplied)
The 1967 legislature amended this section by re-enacting the section with the substantial change of leaving out the portion italicized.
The section [231.16(2)] which is mentioned in the portion eliminated had provided for an examination known as the National Teacher’s Examination. This examination has been the subject of prior litigation in this court. See Board of Public Instruction of Dade County v. Dade County Classroom Teachers’ Association, Fla. App.1971, 243 So.2d 210. The prior litigation resulted in a holding that by state policy legislatively declared the use of the National Teacher’s Examination is forbidden in the State of Florida.
The appellant, on July 1, 1967, had not satisfactorily completed the National Teacher’s Examination but was in all other particulars entitled to a continuing contract. The difficulty in the application of the legislative will arises from a question as to the necessity for appellant’s meeting the examination requirement for the school year 1966-67 in order to receive a continuing contract on July 1, 1967. The year 1966-67 was the last or third probationary year of the appellant’s service. During the time that the year was in progress, the requirement for the completion of the examination was effective.
The School Board initially determined that appellant was entitled to a continuing contract because during the year 1966-67 he had met all the requirements except the eliminated one. Later, upon a directive from the State Department of Education, the School Board changed its position. The School Board’s position is set out in a letter mailed to appellant on September 5, 1967. The pertinent portions of that letter are as follows:
“You were recently mailed a continuing contract form for signature. This contract was prepared and mailed in error.
The law authorizing continuing contracts provides that all requirements for the fiscal year 1967-68 have to be met by June 30, 1967. If all requirements for continuing contracts for the 1967-68 fiscal year were not met by June 30, 1967, such contracts cannot be issued. These contracts issued in error are null and void. Your correct contract is enclosed for execution and return.
The Legislature this year did make changes in the requirements for meeting certain general information examination scores for certification and compensation purposes. This change did not apply to continuing contracts for the fiscal year 1967-68. The changes will apply to meeting the requirements for continuing contracts for the fiscal year 1968-69.
Your assistance in correcting this clerical error is appreciated.”
The appellant, on the other hand, contends that when the amendatory act became law, then:
“* * * In the twinkling of a legal eye, upon the turning of the school fiscal year commencing July 1, 1967, all school teachers who held a certificate based on graduation from a four year college, and who had completed three years of probationary service, and who were appointed for the fourth year, were mandatorily entitled from the school board to the issuance of a continuing contract.”
The trial judge determined the issue against the appellant and held that *510 the appellant was not entitled to a continuing contract for the 1967-68 school year. The issue is one of statutory construction only, and the single point presented on this appeal urges that the trial judge erred in construing the legislative act. Since we have all the information available to the trial judge it is a temptation to proceed de novo. But such is not the case. First the decision arrives in this court with a presumption of correctness. Second there is an additional presumption in favor of the judgment which sustains an administrative interpretation of a statute. See Daniel v. Florida State Turnpike Authority, Fla. 1968, 213 So.2d 585, where the Supreme Court held:
* * * It suffices to say that it is well settled that the construction given a statute by the administrative agency charged with its enforcement and interpretation is entitled to great weight, and the court generally will not depart therefrom except for the most cogent reasons and unless clearly erroneous.” (Emphasis supplied)
The question then is whether the interpretation of the statute made by the administrative authority and adopted by the trial court has been shown to be clearly erroneous.
We think that appellant has not met that burden because the interpretation adopted below is supported by the language of the statute. Courts have created many rules and techniques of statutory interpretations but the language used by the legislature is basic. Here the sub-section [231.-36(3) (b)] following the new subsection [231.36(3) (a)'] provides:
“(b) The continuing contract shall be effective at the beginning of the school fiscal year following the completion of all requirements or, starting on July 1, 1968, at the beginning of the school fiscal year in which all requirements are completed on or before September 1.” (Emphasis supplied)
It appears that for the year prior to and including June 30, 1967, appellant had not completed all the requirements in effect because the requirement as to the examination was then in effect. On July 1, 1967, appellant had completed all the requirements in effect because the requirement as to the examination was then removed. Therefore, appellant became entitled to a continuing contract on July 1, 1968, as provided by section 231.36(3) (a) Fla.Stat., F.S.A., quoted above. ⅛
Affirmed.
CARROLL, J., dissents.