ERVIN, Justice.
We have for review on petition for writ of certiorari a decision of the District Court of Appeal, Third District, reported at 247 So.2d 508.
This action arose out of a dispute over whether Petitioner, Franklin P. Beckwith, and 162 others in a class of teachers he represents, were entitled to continuing contracts for the 1967-68 school year from Respondent Board of Public Instruction of Dade County.
Continuing contracts are awarded teachers who have completed certain requirements set forth in Section 231.36, Florida Statutes, F.S.A. Prior to July 1, 1967, the section provided in pertinent part:
“Each member of the instructional and administrative staff in each county school system . . . who holds a regular certificate based at least on graduation from a standard four year college, or as otherwise provided by law, who has completed three years of probationary service in the same county of the state during a period not in excess of five successive years; such service being continuous except for leave duly authorized and granted, who has been reappointed for the fourth year, and, who has met the requirements of § 231.16(2), Florida Statutes, relating to comprehensive examination [National Teachers Examination] and score thereon, shall be entitled to and shall be issued a continuing contract. . . .”
The statute was amended effective July 1, 1967 to eliminate the comprehensive examination requirement. Under the amended statute, any teacher who completed its requirements would be granted a “continuing contract . . . effective at the beginning of the school fiscal year following the completion of all requirements or, starting on July 1, 1968, at the beginning of the school fiscal year in which all requirements are completed on or before September 1.” Chapter 67-387, Laws of Florida. Section 228.041(20), Florida Statutes, F.S.A., defines the school fiscal year as running from July 1 to June 30.
In the summer of 1967, Petitioner had met all the requirements of Section 231.36, Florida Statutes, as it stood before the amendment, except one: he had not attained the requisite score on the National Teachers Examination. Because of the amendment eliminating this requirement, however, the Respondent issued a continuing contract to Petitioner for the 1967-68 school year. On September 5, 1967 Respondent attempted to rescind the contract and it sent Petitioner and 162 other Dade County teachers copies of the following letter:
“You were recently mailed a continuing contract form for signature. This contract was prepared and mailed in error.
“The law authorizing continuing contracts provides that all requirements for the fiscal year 1967-1968 have to be met by June 30, 1967. If all requirements for continuing contracts for the 1967-68 fiscal year were not met by June 30, 1967, such contracts cannot be issued. These contracts issued in error are null and void. Your correct contract is enclosed for execution and return.
“The Legislature this year did make changes in the requirements for meeting certain general information examination scores for certification and compensation purposes. This change did not apply to continuing contracts for the fiscal year 1967-1968. The changes will apply to *506 meeting the requirements for continuing contracts for the fiscal year 1968-69.
“Your assistance in correcting this clerical error is appreciated.”
Petitioner brought a suit for declaratory decree seeking construction of amended Section 231.36, Florida Statutes, F.S.A., and a determination of whether under the amended statute teachers were entitled to continuing contracts in the 1967-68 school year if they had completed all requirements except attaining a certain score on the comprehensive examination. The trial court concluded Petitioner was not entitled to a continuing contract under the amended law.
On appeal, the District Court of Appeal, Third District, in a 2-1 decision, affirmed. That court said:
“The question then is whether the interpretation of the statute made by the administrative authority and adopted by the trial court has been shown to be clearly erroneous.
“We think that appellant has not met that burden because the interpretation adopted below is supported by the language of the statute. Courts have created many rules and techniques of statutory interpretations but the language used by the legislature is basic. Here the sub-section (231.36(3) (b)) following the new subsection (231.36(3) (a)) provides:
‘(b) The continuing contract shall be effective at the beginning of the school fiscal year following the completion of all requirements or, starting on July 1, 1968, at the beginning of the school fiscal year in which all requirements are completed on or before September 1.’ (Emphasis by District Court.)
“It appears that for the year prior to and including June 30, 1967, appellant had not completed all the requirements in effect because the requirement as to the examination was then in effect. On July 1, 1967, appellant had completed all the requirements in effect because the requirement as to the examination was then removed. Therefore, appellant became entitled to a continuing contract on July 1, 1968, as provided by section 231.36(3) (a) Fla.Stat, F.S.A., quoted above.”
We find this decision to be in conflict with Vocelle v. Knight Brothers Paper Company, Fla.App.1960, 118 So.2d 664, giving this Court certiorari jurisdiction to consider the' cause under Article V, Section 4 of the Florida Constitution, F.S.A., and Rule 4.5(c) of the Florida Appellate Rules, 32 F.S.A. After consideration, we conclude the lower courts erroneously interpreted Section 231.36 as amended in 1967.
It is an elemental rule of statutory construction that “when the words of a statute are plain and unambiguous the courts must give them their plain meaning.” Vocelle v. Knight Brothers Paper Co., supra at 667. The pertinent language of amended Section 231.36 is clearly unambiguous, yet the trial court did not rule in accordance with its mandate. The statute states “the continuing contract shall be effective at the beginning of the school fiscal year following the completion of all requirements. .” Its meaning is clear. Continuing contracts are to be awarded on the first day of the school fiscal year immediately following the year in which all requirements are completed.
According to the District Court, the petitioner had completed all the requirements for a continuing contract by the end of the fiscal year ending June 30, 1967, except the requirement of passage of the comprehensive teachers examination. It construed the amendatory section not to remove the requirement for the examination until July 1, 1967 because the amended section went into effect on that date. However, a reading of the language of the amended section shows it clearly expresses both a retroactive and prospective operation. According to its language, if all requirements for a *507 continuing contract other than the comprehensive examination had been completed by the end of June 30, 1967, a continuing contract would issue to the teacher effective on July 1, 1967. However, if not completed by June 30, 1967, but by September 1st, 1967, a continuing contract would be issued effective July 1, 1968. In all years thereafter completion of requirements by September 1st in the year before would entitle the teacher so completing to a continuing contract effective as of the next school fiscal year.
We think the District Court placed too much technical emphasis upon the effective date of the amendatory statute rather than upon its general purpose to eliminate from the criteria for a continuing contract the comprehensive examination. There were two classes of teachers affected in point of time by the amended section: those, including Petitioner, who on the effective date of the amended section had already completed ' all requirements except passage of the comprehensive examination, and those who had not. As to the former, the effective date of their continuing contracts was fixed at July 1, 1967. As to the latter, July 1, 1968 was fixed as the starting date of their contracts or the beginning of each succeeding school fiscal year, provided requirements therefor were completed by the preceding September 1st. It is impossible to ignore the disjunctive language of the statute and its application to the two classes of teachers.
An amendatory section of a statute takes the place of an original section and operates together with the unchanged provisions of the statute according to the nature of the changed language. Singleton v. Larson, Fla. 1950, 46 So.2d 186. As indicated, the change produced the result in the entire continuing contract statute denoted above.
The decision of the District Court of Appeal, Third District, is quashed and the cause remanded to the District Court with instructions to remand to the trial court for the entry of an order not inconsistent with the views expressed herein.
It is so ordered.
CARLTON, ADKINS and McCAIN, JJ., concur.
ROBERTS, C. J., and BOYD and DEKLE, JJ., dissent.