268 So.2d 529 (1972)
FLORIDA REAL ESTATE COMMISSION, Petitioner,
v.
Mike McGREGOR et al., Respondents.
No. 41950.
Supreme Court of Florida.
November 1, 1972.
Frank A. Wilkinson and Robert L. Powe, Winter Park, for petitioner.
Thomas C. MacDonald, Jr., of Shackleford, Farrior, Stallings & Evans and James W. Kynes, Tampa, for respondents.
*530 ERVIN, Acting Chief Justice:
We are petitioned to review by writ of certiorari the decision of the District Court of Appeal, Second District, in the case of Florida Real Estate Commission v. McGregor, 254 So.2d 566.
It appears Mid-State Homes, Inc., Respondent, is engaged in purchasing and servicing mortgages on real estate, primarily homes. It has approximately 3,200 accounts, aggregating $22,000,000 in mortgages receivable and obtains title to real estate through foreclosures or deed in lieu. Joe Bigsby and Sam Bullara, Jr., Respondents, are salaried employees of Mid-State, devoting fifteen per cent of their time getting purchasers for the homes Mid-State has acquired by foreclosure or deed. These two are not officers of Mid-State and do not receive any bonus or commission for getting such purchasers.
Petitioner Florida Real Estate Commission contends Mid-State and Bigsby and Bullara are in violation of Section 475.01(2), Florida Statutes, F.S.A., since they are not registered with it as real estate brokers or salesmen. This lengthy statute defines real estate brokers or salesmen as "every person who shall take any part in the procuring of ... purchasers ... of the real property ... of another", excluding, however, attorneys handling closings, preparation of instruments, executors, owners, etc., and "one officer of every corporation engaged in the sale of its own properties who shall be its president unless otherwise provided in its charter or by-laws, if said corporation shall not otherwise be classed as a real estate broker or a salesman."
Without further explanation of facts or the legal situation in the case, the DCA held:
"We do not think it was intended by the legislature to bring transactions as those conducted by Mid-State, Bigsby and Bullara within Chapter 475 Florida Statutes ... in the absence of any alleged fraud or deceit." (Citing Brod v. Jernigan, Fla.App.2d, 188 So.2d 575.)
The District Court stressed that the administrative processes of the Commission should be aimed at the dishonest and unscrupulous operator who cheats the public in real estate transactions; and that the absence of bonuses and commissions to Bigsby and Bullara in the incidental operation of Mid-State in disposing its own real estate led to the conclusion there was no violation of the statute.
We accepted jurisdiction because the decision conflicts with cases holding that the plain language of licensing statutes governs, making improper judicial conclusions that the Legislature did not mean what it said. Florida Real Estate Commission v. Reliable Rental Agency, Inc., Fla.App.3d, 209 So.2d 675; State v. Ramos, Fla., 232 So.2d 381; Van Pelt v. Hilliard, 1918, 75 Fla. 792, 78 So. 693.
We conclude that the decision of the District Court in purporting to construe the intent and meaning of the statute ignores the quoted plain language of the regulation and judicially legislates an exception favoring the two employees of Mid-State Homes, Inc. by permitting them to serve in the role of real estate salesmen for their employer without being licensed. Without legislative approval, such an exception not only does violence to the plain language of the statute relating to the regulation and licensing of real estate brokers and salesmen, but has peripheral effects posing threat by way of a judicially sanctioned precedent of unauthorized practice to other licensed professions. The decision below raises many collateral questions concerning, e.g., whether employees of individuals may engage in similar real estate transactions to those engaged in by the corporate employees in the instant case opening new avenues for evasion and unfair *531 competition to licensed real estate brokers and salesmen.
Courts are supposed to exercise restraint and not be concerned with the wisdom or policy of statutory regulations  at least not to the point of rewriting a statute to eliminate language with which the court disagrees. Relief in this case, if advisable, should be a matter of legislative, not judicial concern. The Legislature, rather than the courts, has the constitutional latitude to consider after careful hearings the entire subject and resulting effects involved in amending and making exceptions to regulatory statutes.
No better exposition of the meaning and purpose of F.S. Section 475.01(2), F.S.A. is to be found than is expressed by the Second District Court of Appeal itself in the case of Alligood v. Florida Real Estate Commission, 156 So.2d 705. The court there on page 707 said:
"[2] The purpose of this legislation is to protect the public from being subjected to real estate sales programs by persons not licensed by the commission and therefore perhaps not qualified to perform such services. Perhaps, too, persons not licensed by the commission would not be well versed in the high ethical standards of conduct which the profession, with the aid of the Florida Real Estate Commission, is striving to accomplish.
"By virtue of this statute, a person performing particular acts either is, or is not, operating as a real estate broker or salesman and hence subject to the requirement of licensing as such. General statements, or so called `definitions' of real estate brokers or salesmen, or of services generally performed by them have no material degree of control upon the determination of whether or not a person is operating as a broker or salesman. The language of this statute is the controlling and final definition of a real estate broker, or salesman, in this state. (Emphasis added.)
"The legislature has seen fit to provide that one who directs or assists in the procuring of prospects for the purchase of real estate shall be registered, or licensed, as a real estate salesman, or broker.
"[3, 4] The language which is pertinent to this case is admittedly broad, but it is equally clear and unambiguous. No resort need be made to the general rules of judicial interpretation to understand it. It is plain and simple English and it is the duty of the courts to apply the literal meaning of the language...."
The instant decision completely departs from the foregoing rationally considered language construing the regulatory statute.
No real estate transaction performed by an unlicensed person as defined in the statute can be excused from being considered a violation thereof because it is "incidental" or only a minor part of the business of a corporation. It is the act itself, i.e., the real estate service performed, as pointed out by the case cited just above, and not its degree of effect or its incidental relationship to the corporate business as a whole that determines whether there is a statutory violation. Nor does the fact no bonus or commission is paid to an unlicensed salaried employee by the corporation for his services in handling real estate matters have any bearing. The governing statute provides no "loopholes" for escape for any such reasons.
Our jurisdiction here is not involved with an appellate review of a constitutional construction or a holding on the validity of a statute by the courts below. We have for certiorari review a case of conflict jurisdiction arising from a judicial departure from the plain language of the subject statute by the District Court contrary to pertinent decisions that such language must be followed. Vocelle v. Knight Brothers *532 Paper Company, Fla.App. 1960, 118 So.2d 664, 667; Beckwith v. Board of Public Instruction of Dade County, Fla., 261 So.2d 504. In Vocelle v. Knight Brothers Paper Company, supra, the District Court of Appeal, First District, said:
"... the court has no power to go outside the statute in search of excuses to give a different meaning to words used in the statute... ."
The decision of the District Court of Appeal, Second District, is quashed with direction that further proceedings below be in accord herewith.
BOYD, McCAIN and DEKLE, JJ., concur.
CARLTON and ADKINS, JJ., and DREW, J. (Retired), dissent.