BOYD, Justice,
dissenting.
I respectfully dissent to the majority decision to discharge the writ of certiorari because of lack of conflict. In my opinion, the decision of the District Court of Appeal, 334 So.2d 56 (Fla. 1st DCA 1976), conflicts with Fla. Real Estate Commission v. McGregor, 268 So.2d 529 (Fla.1972) and Bradley v. Banks, 260 So.2d 256 (Fla. 3d DCA 1972). These two cases hold that contracts for real estate commissions to unlicensed persons acting as real estate brokers or salesmen are void because they are prohibited by the Florida Real Estate License Law, Section 475.41, Florida Statutes.
*629 In this case petitioner, Willard Walker, a registered real estate broker, was employed by the owner of certain real property to sell it. It was alleged that petitioner orally contracted to employ Robert Mann for his efforts in forming an investment group to purchase the property. Mann was not licensed to sell real estate in Florida. Mann alleged that Walker promised to pay him twenty-five thousand dollars for his services upon closing the sale.
Mann organized Ocean Mile Ltd., a limited partnership, respondent herein. He became one of the partners and eventually assigned his claim for the commission to the partnership. When the commission became due, Walker refused to pay it.
The trial court was faced with two issues. The first was whether an oral agreement for the payment to Mann of a real estate commission existed. The second was whether petitioner is lawfully obligated to pay the commission to an unlicensed real estate agent.
The trial court entered a summary judgment for petitioner because, regardless of the existence of the contract, public policy and the Florida Real Estate License Law prohibit its performance. On appeal, the District Court held that it was improper for the trial court to have entered the summary final judgment.
I cannot agree with the District Court. In this case, the trial court considered Mann’s admission that he was not licensed to sell real estate when the sale was made. The court determined that regardless of other circumstances no commission could be lawfully paid to his assignee since the performance of the contract could not be enforced in view of the Florida Real Estate License Law. Accordingly, any further taking of testimony would have been a waste of the court’s time.
To agree with the District Court that the existence of material factual issues requires reversal of the summary judgment we must conclude that an exception to the Real Estate License Law permits an unlicensed agent to collect a commission if he finds others to join him in a purchase of real estate. He could find property he desires to sell and defeat the intended effect of the statute by acquiring a small interest himself, while receiving an unlawful portion of a commission paid by the owner to a licensed agent. If respondent prevails at trial, the door will be open for others to circumvent the law by becoming “purchasers.”
There is nothing in the statute authorizing an unlicensed person to share in a real estate commission whenever he is a purchaser or one of a group of purchasers. In fact, the statute makes it a crime to employ an unlicensed real estate salesman. Section 475.42(1)(c), Florida Statutes. This Court, in McGregor, said:
“No real estate transaction performed by an unlicensed person as defined in the statute can be excused from being considered a violation thereof because it is ‘incidental’ or only a minor part of the business of a corporation. It is the act itself, i. e., the real estate service performed, as pointed out by the case cited just above, and not its degree of effect or its incidental relationship to the corporate business as a whole that determines whether there is a statutory violation. Nor does the fact no bonus or commission is paid to an unlicensed salaried employee by the corporation for his services in handling real estate matters have any bearing. The governing statute provides no ‘loopholes’ for escape for any such reasons.” 268 So.2d at 531.
Mann’s own admission that he was not a licensed real estate agent terminated any need of the trial court for consideration of further facts. The opinion of the District Court of Appeal should be quashed with directions to reinstate the trial court’s final summary judgment for the petitioner.