

# The Attorney General of Texas

December 6, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Tom Creighton
Chairman
Senate Economic Development
  Committee
State Capitol
Austin, Texas 78711

Opinion No. H- 1271

Re: Whether telephone solic-
itors for resort developments
must have a real estate license.

Dear Senator Creighton:

You ask whether the Real Estate License Act, article 6573a, V.T.C.S., requires the licensing of telephone solicitors employed by resort developers. These employees call persons from a list given them and read a statement offering a visit to the development. If the person called wishes to receive additional information or visit the development, the telephone solicitor arranges a meeting between him and the real estate agent representing the development. He receives an hourly salary for this work.

Article 6573a, section 1(b), requires that any person acting as a real estate broker must be licensed by the Real Estate Commission. "Broker" is defined expansively to include persons engaging in any of a number of activities:

Sec. 2. As used in this Act:

. . . .

(2) 'Real estate broker' means a person who, for another person and for a fee, commission, or other valuable consideration, or with the intention or in the expectation or on the promise of receiving or collecting a fee, commission, or other valuable consideration from another person:

. . . .

(I) procures or assists in the procuring of prospects for the purpose of effecting the sale, exchange, lease, or rental of real estate. . . .

Section 4 provides as follows:

> A person who, directly or indirectly for another, with the intention or on the promise of receiving any valuable consideration, offers, attempts, or agrees to perform, or performs, a single act defined in Subdivisions 2 and 3, Section 2 of this Act, whether as a part of a transaction, or as an entire transaction, is deemed to be acting as a real estate broker or salesman within the meaning of this Act. The commission of a single such act by a person required to be licensed under this Act and not so licensed shall constitute a violation of this Act.

A Florida court in construing a similar statute determined that telephone solicitors took part in the procuring of prospects for a real estate sales program. Alligood v. Florida Real Estate Comm'n, 156 So.2d 705 (Fla. Dist. Ct. App. 1963). The efforts of the telephone solicitors determined who was at least interested in the project and constituted a first and very important step in the endeavor. The Florida court found it a material factor that the solicitors received a bonus for each prospect who agreed to visit the development. A New Jersey court, relying in part on the Florida decision, determined that a similar licensing statute applied to salaried telephone solicitors even though they received no commissions. Boise Cascade Home & Land Corp. v. Division of the New Jersey Real Estate Comm'n, 296 A.2d 545 (N.J. Super. Ct. Ch. Div. 1972). The New Jersey court stated that the telephone callers played a significant part in the sales program and were the first to make direct contact with the public. It not only agreed with the Florida court that such employees assisted in the procuring of prospects, but also determined that they were employed "to sell" lots, construing that term to include any act intended to lead to completion of the transaction. The Texas Real Estate Commission has also concluded that telephone solicitors must be licensed under the Act. Texas Real Estate Commission, Declaratory Ruling (June 25, 1976). Compare Texas Real Estate Commission Rules 402.03.02.005, § 2(2)(c) 6 and 7 (clerical employees who answer telephone and do work of a secretarial nature are not required to be licensed when they engage in no solicitation work). We believe that a Texas court would agree with the conclusion reached by the two courts that have considered this matter and by the agency that administers the Act.

You next ask whether the legislature may constitutionally prohibit such telephone solicitations by persons who are not licensed under article 6573a. The state may, in exercise of its police power, regulate a private business such as the real estate business, which affects the public interest. Hall v. Hard, 335 S.W.2d 584 (Tex. 1960); Gregory v. Roedenbeck, 174 S.W.2d 585 (Tex. 1943). The legislature has considerable discretion to determine what the public interest requires and what measures are necessary for its protection. State v. Richards, 301 S.W.2d 597, 602 (Tex. 1957). Where no suspect categories are involved, a statute is unconstitutional as an invalid exercise of the police power only when it arbitrarily interferes with

legitimate activities in a manner that has no reasonable relation to the public welfare. State v. Spartan's Industries, Inc., 447 S.W.2d 407, 414 (Tex. 1969), appeal dism'd, 397 U.S. 590 (1970). In enacting the original Real Estate License Act in 1939, the legislature expressed the purpose of preventing fraud in the sale of real estate. Acts 1939, 46th Leg., § 24, at 576. In a more recent version of the statute, it noted that the complexities of real estate transactions require that only licensed persons act as real estate brokers. Acts 1967, 60th Leg., ch. 272, § 8, at 602. We cannot say that the licensing requirements have no reasonable relation to the public interest as applied to telephone solicitors who contact people and attempt to interest them in the purchase of land. In Gregory v. Roedenbeck, the Supreme Court determined the predecessor of the Real Estate License Act to be a valid exercise of the police power and found its licensing requirements applicable to someone who performed a single act in connection with the procurement of a prospect. In our opinion, the statute may also be constitutionally applied to the telephone solicitors.

You next ask whether the legislature may constitutionally exempt from licensing requirements salespersons who meet certain criteria. Article 6573a, section 3, exempts a number of people from licensure, including the following:

> (f)   a salesperson employed by an owner in the sale of structures and land on which said structures are situated, provided such structures are erected by the owner in the due course of his business. . . .

Thus, a salesperson employed by an owner-builder under the circumstances outlined in section 3(f) may sell improved lots without a license. The salesperson employed by the owner of unimproved lots must be licensed. You wish to know whether this discrimination with respect to license requirements is consistent with the Constitution. See U. S. Const. amend. 14; Tex. Const. art. 1, § 3.

When economic legislation is attacked as inconsistent with the equal protection clause, it will be upheld unless its classifications have no reasonable relation to the promotion of the general welfare. Ex parte Tigner, 132 S.W.2d 885 (Tex. Crim. App. 1939), aff'd, 310 U.S. 141 (1940). It will be presumed that the legislative classifications are reasonable. Board of Insurance Comm'rs v. Great Southern Life Insurance Co., 239 S.W.2d 803 (Tex. 1951). If any state of facts can reasonably be conceived that would sustain the classification, the existence of such facts at the time of enactment will be presumed. Ex parte Tigner, supra. Applying these standards, we cannot say that the classification you inquire about violates the equal protection clause. The legislature might reasonably exempt the sellers of improved lots under the circumstances described in section 3(f) on the ground that the owner who improves lots has shown greater stability and commitment to the project than the owner of unimproved lots, whose sales may be more speculative. Since one purpose of licensing is to protect the public from fraud, different facts with respect to the possibility of fraud may justify different treatment.

You also inquire whether the Real Estate Commission may constitutionally exempt from licensing telephone solicitors employed as rental agents by the property owner, while requiring licensure of telephone solicitors employed in connection with the sale of property. Rule 402.03.02.005(5) promulgated by the commission provides:

> Real estate licensure is required of rental agents doing all solicitations by telephone unless such agents are employees of the owner of the property concerned.

The Real Estate Commission has express rule-making authority. V.T.C.S. art. 6573, § 5(e). The act exempts from licensure "an owner or his employees in renting or leasing his own real estate whether improved or unimproved. . . ." V.T.C.S. art. 6573a, § 3(i). We believe that neither the rule nor the exemption it is based on creates a constitutionally impermissible classification. The legislature and the commission may reasonably exempt rental transactions by owners of the property on the grounds that they do not involve the same investment and long term commitment by the consumer as does the sale of real estate, and hence, are less likely to injure the general welfare.

We note that the Florida Supreme Court has held the Florida licensing requirement unconstitutional on equal protection grounds as applied to the salaried employees of a corporation, where the requirement was particularly burdensome. Florida Real Estate Comm'n v. McGregor, 268 So.2d 529 (Fla. 1972). We believe this decision is inapplicable to the present question for a number of reasons. First, the Florida court objected to a provision exempting from licensure one officer of any corporation engaged in the sale of real estate. There is no comparable provision in article 6573a. Second, the court felt the statute was designed to protect consumers from injury by independent brokers, since the consumer would generally have no recourse against the broker's principal. A consumer who dealt with a broker employed by a corporation would have recourse against the corporation, and thus, there was no need for the Real Estate Commission to regulate that broker. The Texas statute, however, has the broader purpose of protecting the public from fraud and incompetence, and we feel we should defer to the legislative judgment as to the scope of protection needed by the public. See Board of Insurance Comm'rs v. Great Southern Life Insurance Co., supra, at 812. Finally, from the language used by the Florida Supreme Court and the authorities it cited, it appears that it may have applied the "compelling state interest" test against which classifications involving a fundamental right or suspect category are tested, or in any event, a stricter test than the one applied by the Texas courts to economic legislation. See Ex parte Tigner, supra.

## SUMMARY

> We believe Texas courts will hold that, telephone solicitors employed by resort developers to call people and offer visits

to the development must be licensed under the Real Estate License Act, that application of licensing requirements to such persons is within the police power of the state, and that exemptions from licensing for salespersons employed by the owner-builder of improved real property and for telephone solicitors employed as rental agents by the property owner do not violate the equal protection clause.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn