COBB, Judge.
Barbara DeBice appeals from the Florida Department of Health and Rehabilitative Services (HRS) denial of her application to take a technician’s license examination.
The basis for the denial was HRS’s determination, contrary to the finding of the hearing officer, that DeBice’s uncontro-verted actions in altering a letter authorizing her to work as a lab technologist constituted a violation of section 483.21(2), Florida Statutes (1985).[1]
*981 The alteration of the letter, which was placed in a hospital file with no other apparent significance, was made without any intent to perform an illegal or impermissible act. In fact, the evidence shows that Debice never performed any function not permissible under her license, which at all times was on file with HRS. We find that Debice’s actions do not rise to the level required for disciplinary action under section 483.21. The agency therefore improperly denied DeBice’s license examination application, and the order is reversed. See State v. Ramos, 232 So.2d 381 (Fla.1970) (no conviction for “professing” or “holding out” as a member of a profession, where not done in apparent contemplation of illegal practice).
REVERSED.
ORFINGER, J., and HARRIS, C.M., Associate Judge, concur.

. Section 483.21 provides, in part:
Grounds for disciplinary action against clinical laboratory personnel. — The following acts constitute grounds for which disciplinary actions specified in s. 483.221 may be taken against clinical laboratory personnel:
*981 ******
(2) Engaging or attempting to engage in, or representing himself as entitled to perform, any clinical laboratory procedure or category of procedures not authorized pursuant to his license.