PER CURIAM.
On review the Supreme Court of the United States, by opinion dated May 27, 1963, reported in 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428, vacated the decision of this Court reported in 140 So.2d 587, Fla., and remanded the cause for further proceedings not .inconsistent with that Court’s opinion.
■ Thereafter we set the matter for argument, at which time counsel for The Florida Bar appeared and was heard. Prior to this argument The Florida Bar filed a motion for entry of order on the mandate of the Supreme Court of the United States to which was attached a suggested form of order. Counsel who represented Mr. Sperry in the United States Supreme Court joined in The Florida Bar’s motion but counsel who represented Mr. Sperry in this Court did not do so. Subsequent to the argument’ Mr. Sperry and counsel who represented him here filed a reply and statement of position as to The Florida Bar’s motion for entry of order on the mandate in which Mr. Sperry agreed to all of the proposed order on Mandate presented by The Florida Bar except that portion which would enjoin Mr. Sperry from using the term “patent attorney”. Mr. Sperry argues that under the rules and regulations of the U. S. Patent Office he is required to use that term.
As appears in the opinion of this Court and of the United States Supreme Court Mr. Sperry had, after The Florida Bar filed the petition in this proceeding, but before his brief was filed, voluntarily ceased to use the term “patent attorney”. As explained in a footnote to the opinion of the United States Supreme Court “Petitioner’s right to refer to himself as a ‘Patent Attorney’ has been mooted by his voluntary discontinuance of the use of the term ‘Attorney’.”
Unfortunately for Mr. Sperry his plea that we now decide his right to the use of the term “patent attorney” comes too late.
In conformity with the opinion and mandate of the Supreme Court of the United States entered in this cause the opinion and decision of this Court is vacated and its effect modified so as not to prevent the respondent Sperry from (a) advising, assisting and representing applicants before the United States Patent Office in the preparation and prosecution of their applications for patents, and performing and doing all acts and things to the full extent permitted to be done by registered agents as provided under the Rules of Practice of the United States Patent Office in patent cases; (b) rendering opinions as to patentability insofar as the giving of such opinions may be necessary to advise and assist applicants in the preparation and prosecution of patent applications and amendments thereto; and (c) holding himself out to the public as qualified to perform the acts set forth in (a) and (b) above.
Except as modified by this order the opinion and decision of this Court hereto *231 fore rendered in this cause shall remain undisturbed
It is so ordered.
DREW, C. J., and TERRELL, THOMAS, THORNAL, O’CONNELL and HOB-SON (Retired), JJ., concur.