SUNDBERG, Justice
(concurring and dissenting in part).
I dissent only from that portion of the opinion which inserts the word “unauthorized” in the third paragraph of EC 3-6 and in DR 3 — 104(A) (iii). In my judgment it is the obligation of a lawyer employing a non-lawyer to so govern the conduct of the non-lawyer that the non-lawyer shall not engage in the practice of law in performing his or her duties for the lawyer. To utilize the term “unauthorized practice of law” carries an implication which, I believe, will create an undesirable precedent in the regulation of unauthorized practice of law generally. What constitutes the unauthorized practice of law has developed on an ad hoc basis through decisions of this Court and in some instances the respondent in a particular case has been found not guilty of unauthorized practice of law not because the conduct does not constitute an activity historically considered the practice of law, but solely because the area has been pre-empted from regulation by this Court. See, e. g., State ex rel. Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), vacated, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), on remand 159 So. 2d 229 (Fla.1963). Recognizing this, Florida Legal Services, Inc., as amicus curiae, sought the change in language adopted by the majority. I am completely in sympathy with the activity in which Florida Legal Services, Inc. wishes to engage, but I would treat that matter separately in the Code so as not to create the implication which I believe is inherent in the modification adopted by the majority.