The Honorable Doug "Tim" Jamerson Representative 55th District 904 The Tower 424 Central Avenue St. Petersburg, Florida 33701
Dear Representative Jamerson:
This is in response to your request for an opinion on substantially the following question:
 ARE DOCUMENTS PROVIDED TO LOCAL COMMISSIONS ON HUMAN RELATIONS BY THE FEDERAL EQUAL EMPLOYMENT OPPORTUNITY COMMISSION PURSUANT TO A WORK-SHARING AGREEMENT ENTERED INTO BY SUCH AGENCIES SUBJECT TO THE PUBLIC INSPECTION REQUIREMENTS OF s 119.07(1), F.S.?
You have submitted this request in an attempt to determine whether legislation amending Ch. 760, F.S., is necessary to specifically exempt or except documents in the custody of local commissions on human relations pursuant to work-sharing agreements with the Federal Equal Employment Opportunity Commission (EEOC) from the public inspection and copying provisions of s 119.07(1), F.S.
The procedures which are to be followed by the Equal Employment Opportunity Commission in deferring to state and local fair employment practice agencies may be found at 29 C.F.R. s 1601.13. The federal regulations provide that it is the intent of the EEOC to encourage the maximum degree of effectiveness in such state and local agencies by providing them an opportunity to remedy alleged discrimination which is concurrently regulated by federal, state or local law. See, 29 C.F.R. s 1601.13(2)(4)(i). See also, March 24, 1972, P.L. 92-261 s 6(b), 86 Stat. 107 (42 U.S.C.S. s 2000e-8[b], which states in pertinent part that "the Commission (EEOC) may enter into written agreements with such State or local agencies (those charged with the administration of state fair employment practices laws) and such agreements may include provisions under which the Commission shall refrain from processing a charge in any cases or class of cases specified in such agreements . . . ." The states and their political subdivisions are granted the exclusive right to process allegations of discrimination filed by a person other than an EEOC Commissioner for a period of 60 days, and this right exists where a state or local law prohibits the employment practice alleged to be unlawful and the state or local agency has been authorized to grant or seek relief. See, 29 C.F.R. s 1601.13(a)(4)(ii). And see, s 760.10, F.S., which describes what constitutes an unlawful employment practice in this state.
Pursuant to March 24, 1972, P.L. 92-261 s 6(d), 86 Stat. 107
(42 U.S.C.S. s 2000e-8[d] the EEOC is required to furnish information, upon request and without cost, to any state or local agency charged with the administration of a fair employment practice law, when such information is obtained pursuant to the record-keeping and reporting requirements of subsection (c) thereof, from any employer, employment agency, labor organization, or joint labor-management committee subject to the jurisdiction of such agency. As specifically provided in this subsection "[s]uch information shall be furnished on condition that it not be made public by the recipient agency prior to the institution of a proceeding under State or local law involving such information." (e.s.) The federal statute then, appears to make no distinction between state or local human relations commissions in terms of the proscription that the information provided to such recipient agencies (whether local or state) not be made public prior to the institution of a proceeding involving such information. Cf., AGO 83-78 in which it was concluded that no requirement of confidentiality pursuant to what is now s 760.10, F.S., or 42 U.S.C.S. s 2000e-8 is imposed upon records or documents or information contained therein received from the EEOC by the Florida Commission on Human Relations after initiation of a proceeding under the Florida Human Rights Act of 1977 (now ss760.01-760.10, F.S.) or which have become a part of the record of any hearing or court proceeding. And see, 29 C.F.R. s 1601.22 which provides, inter alia, that the provision for confidentiality of information does not apply to earlier disclosures to charging parties, their attorneys or to witnesses where disclosure is deemed necessary and that in addition this provision does not apply to earlier disclosures to representatives of interested federal, state and local authorities as may be appropriate or necessary to carrying out the EEOC's function nor does the provision apply "to the publication of data derived from such information in a form which does not reveal the identity of charging parties, respondents, or persons supplying the information."
Article IV, U.S. Const., states in pertinent part that:
 This Constitution, and the laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made; under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.
With regard to particular state statutory provisions, this constitutional clause has been construed to stand for the proposition that a state law cannot stand that either frustrates the purpose of national legislation or impairs the efficiency of those agencies of federal government to discharge the duties for the performance of which they were created. See, Nash v. Florida Industrial Commission, 389 U.S. 235 (1967). And see, Sperry v. State of Florida ex rel. Florida Bar, 373 U.S. 379 (1963), on remand, 159 So.2d 229 (Fla. 1963) (the law of the state, though enacted in the exercise of powers not contravened, must yield when incompatible with federal legislation). Therefore, the federal statutory requirement of confidentiality expressed in P.L. 92-261 s 6(d), supra, takes precedence over any state or local provision in conflict therewith and, prior to the institution of a proceeding under state or local law involving such information, the information furnished by the Equal Employment Opportunity Commission to a local agency charged with the administration of a fair employment practice law may not be made public pursuant to the express provisions of the federal statute. However, this restriction becomes inoperative after the institution of any proceedings under state or local law, and the records or documents in question then come under and are subject to the disclosure provisions of the Public Records Law, Ch. 119, F.S. Cf., s119.07(3)(a), F.S., stating that all public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of s119.07(1), F.S.
In sum, it is my opinion, until legislatively or judicially determined otherwise, that the federal statutory directive expressed in March 24, 1972, P.L. 92-261 s 6(d), that information provided by the U.S. Equal Employment Opportunity Commission to local commissions on human relations pursuant to a work-sharing agreement may not be disclosed prior to the initiation of a proceeding under state or local law involving such information, would take precedence over any state or local law to the contrary including the public inspection and copying requirements of s119.07(1), F.S. However, this restriction becomes inoperative after the institution of proceedings under state or local law, and such information or records containing such information would then come under and be subject to the disclosure provisions of the Public Records Law, Ch. 119, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General