DURRANCE, CARL C., Associate Judge.
This is an appeal from a Final Judgment of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Appellant was the plaintiff below and the Appellees were the defendants below.
In this opinion the parties will be referred to as they stood in the lower court. The Florida Real Estate Commission will be referred to as the “Commission”, the defendant Bigsby as “Bigsby”, the defendant Bullara, Jr. as “Bullara”, and the defendant Mid-State Homes, Inc. as “Mid-State”.
The stipulated facts in the trial court will not be set out herein for the sake of brevity but in essence are that Mid-State is a corporation generally engaged in the business of purchasing and servicing mortgages on real property. Mid-State has approximately 3,200 accounts in its Florida District, aggregating approximately $22,-000,000 in mortgage receivables. In the course of its business, Mid-State obtains title to real estate through foreclosure or deed in lieu of foreclosure. That Bigsby and Bullara are salaried employees of Mid-State, devoting 15% of their time to getting purchasers for the few homes to which Mid-State has acquired ownership. Bigsby and Bullara are not officers of Mid-State and do not receive any bonus or commission for their efforts on behalf of Mid-State in these transactions.
The Commission contends that Mid-State, along with Bigsby and Bullara, are in violation of Florida Statutes 475.-01(2), F.S.A.:
“Every person who shall, in this state, for another, and for a compensation or valuable consideration directly or indirectly paid or promised, expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration therefor, appraise, auction, sell, exchange, buy or rent, or offer, attempt or agree to appraise, auction or negotiate the sale, exchange, purchase or rental of any real property, or any interest in or concerning the same, including mineral rights or leases; or who shall advertise or hold out to the public by any oral or printed solicitation or representation that such person is engaged in the business of appraising, auctioning, buying, selling, *568 exchanging, leasing or renting real estate, or interests therein, including mineral rights or leases, of others; and every person who shall take any part in the procuring of sellers, purchasers, lessors or lessees of the real property, or interests therein, including mineral rights or leases, of another; or who shall direct or assist in the procuring of prospects, or the negotiation or closing of any transaction which does, or is calculated to, result in a sale, exchange, or leasing thereof, and who shall receive, expect, or be promised any compensation or valuable consideration, directly or indirectly therefor; and all persons who are members of partnerships or officers or directors of corporations engaged in performing any of the aforesaid acts or services; each and every such person shall be deemed and held to be a ‘real estate broker’ or a ‘real estate salesman,’ as hereinafter classified, unless said person when performing the act or acts herein specified shall be acting as an attorney-in-fact for the purpose of the execution of contracts or conveyances only, or as an attorney-at-law within the scope of his duties as such, or when acting as the administrator, executor, receiver, trustee, or master under or by virtue of an appointment by will or by order of a court of competent jurisdiction, or as trustee under a deed of trust, or under a trust agreement, the ultimate purpose and intent whereof shall be charitable, philanthropic, or providing for those having a natural right to the bounty of the donor or trustor; nor shall the term broker or salesman be applied to a person who shall deal with property in which he is a part owner, unless said person shall receive a larger share of the proceeds or profits from the transaction than his proportional investment therein would otherwise. justify, such excess share being directly or indirectly the result of the service of buying, selling, exchanging or leasing said property; nor shall said terms be applied to one officer of every corporation engaged in the sale of its own properties who shall be its president unless otherwise provided in its charter or by-laws, if said corporation shall not otherwise be classed as a real estate broker or a salesman.”
and should be restrained from the aforesaid activities. The trial court disagreed with the Commission and dismissed the Complaint with prejudice.
This is a case of first impression so far as we are aware.
Chapter 475 Florida Statutes is known and defined in the statute as the “Real Estate License Law”, F.S. 475.01(1), F.S.A. The purpose of the law is “ ‘to protect the public by permitting only those who possess special qualifications of aptitude, ability and integrity to engage in the business.’” Brod v. Jernigan, 188 So.2d 575. We do not think it was intended by the legislature to bring transactions such as those conducted by Mid-State, Bigsby and Bullara within Chapter 475 Florida Statutes and more particularly in the absence of any alleged fraud or deceit. We quote with approval from Brod v. Jernigan, 188 So.2d 575, “The administrative processes of the Commission should be aimed at the dishonest and unscrupulous operator, one who cheats, swindles, or defrauds the general public in handling real estate transactions.”
The absence of any bonuses or commissions to Bigsby and Bullara, along with the incidental operation of Mid-State in disposing of its own real estate, leads us to the conclusion that the trial court was correct in its judgment.
We deem it unnecessary to consider the question of Chapter 475 Florida Statutes being unconstitutional as enacted or as sought to be applied in this case, raised by the defendants.
The judgment appealed from is therefore affirmed.
LILES, Acting C. J., and MANN, J., concur.