336 So.2d 1156 (1976)
FLORIDA REAL ESTATE COMMISSION, Appellant,
v.
Mike McGREGOR, et al., Appellees.
No. 46956.
Supreme Court of Florida.
July 30, 1976.
Rehearing Denied October 8, 1976.
*1157 Frank A. Wilkinson, Orlando, and John Huskins, Winter Park, for appellant.
Thomas C. MacDonald, Jr. and D. Frank Winkles of Shackleford, Farrior, Stallings & Evans and James W. Kynes, Tampa, for appellees.
SUNDBERG, Justice.
This matter is before us on direct appeal from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. We have jurisdiction of the appeal pursuant to Article V, Section 3(b)(1), Florida Constitution, and Rule 2.1(a)(5)(a), Florida Appellate Rules, in that the circuit court initially and directly passed upon the validity of Section 475.01(2), Florida Statutes,[1] by holding that such subsection is unconstitutional as applied to the appellees under the particular facts of the instant case.
On July 17, 1970, appellant Commission filed a complaint in the Circuit Court of Hillsborough County, seeking an injunction against certain actions of Mid-State Homes, Inc. and of its mortgage representatives[2] which were alleged to violate Chapter 475, Florida Statutes, known as the Real Estate License Law. The complaint alleged that the mortgage representatives were willingly selling certain real property of Mid-State without a Florida real estate license. The complaint was dismissed with prejudice, and the Second District Court of Appeal, without considering the constitutionality of the instant statute, affirmed this dismissal at 254 So.2d 566. This Court, reviewing the case on certiorari, held that the Statute did *1158 pertain to Mid-State's mortgage representatives and quashed the decision of the District Court of Appeal, directing further proceedings in the Circuit Court. 268 So.2d 529. Upon remand the Circuit Court held a final hearing on the constitutional issue. Finding that Mid-State had been unable to hire licensed brokers to sell its property because of the peculiar job requirements involved, that court concluded that the statute was unconstitutional as applied to these defendants because it "imposes a burdensome and discriminatory classification with no countervailing public benefit and without any reasonable relationship to the public welfare." The facts upon which the Circuit Court predicated its judgment essentially are as follows:
Jim Walter Homes, Inc. sells and builds "shell-type" homes on the buyer's real estate. The purchase is financed by the defendant-appellee Mid-State, which buys the receivables (note and mortgage) from Jim Walter Homes, Inc. Mid-State operates as a collection or mortgage servicing agency in collecting the receivables it purchases, nearly all of which involve mortgages on small homesteads located in rural areas and valued from $2,500 to $8,500. Currently, Mid-State owns about 3200 such accounts totalling approximately $29,000,000.
In the course of its business Mid-State may obtain title to real property by foreclosure or by deed in lieu of foreclosure. At any given time Mid-State has title to only ten to twelve such repossessed homes in the State of Florida. Of these ten to twelve repossessions, usually about half of the houses are sold as personalty after removal from the land while the remainder are sold by representatives of Mid-State. Based on stipulated facts it is established that the company has not utilized registered real estate brokers to sell these remaining repossessions because such brokers have been unwilling to handle this type of property, due to its location and to the small amount of commission available to a broker at standard Florida rates. Mid-State employs two field representatives to find purchasers for the properties. These representatives are not, and never have been, registered real estate brokers in Florida. They are each salaried employees of Mid-State's Tampa office. Each works for no other company and spends approximately 15% of his salaried time attempting to locate purchasers for the repossessed properties. These individuals do not receive any commission or bonus from any sale of real estate, and their salaries are established without reference to specific property sales. They are not officers or directors of Mid-State but are salaried employees. These representatives generally canvass the countryside in which a home is located to determine if anyone nearby might want to move into the house or might otherwise have an interest in it. They never advertise in their individual names but utilize only the corporate name in their newspaper advertisements and on signs posted on the subject property. Mid-State alleges that, if it had to rely on the conventional brokerage fee system, the houses would have to be abandoned or substantial losses incurred.
The issue presented on this appeal is whether subsection 475.01(2), Florida Statutes, is unconstitutional as sought to be enforced against appellees. The Circuit Court answered this query in the affirmative and we concur.
Appellant maintains that subsection 475.01(2), Florida Statutes, is neither unconstitutional vel non nor as it is applied to the appellees. Appellant cites State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225 (1929), as dispositive of the issue because in that case this Court upheld the constitutionality of a law enacted in 1927 which was substantially identical to the statutory provision here under consideration. The Rose court viewed the Real Estate License Law as a proper exercise of the police power of this state for the protection of the buying public from incompetent or unethical realtors. We have no quarrel with the holding in Rose, supra, because clearly the Legislature in the exercise of its police power has the authority to regulate those engaged in the real estate profession to protect the public *1159 from the consequences of unethical or substandard conduct. As pointed out by appellant, in the public interest[3] this Court exercises the same authority and jurisdiction over members of the legal profession. However, the precise question presented in this appeal was not before the Court in the Rose case, supra, and, therefore, that decision is not dispositive of the issue here presented.
By subsection 475.01(2), Florida Statutes, the Legislature has granted several exceptions from its definition of a "real estate broker" and a "real estate salesman", each of which by further provisions of Chapter 475, Florida Statutes, are required to be licensed. Chief among these exceptions are (i) "a person who shall deal with property in which he is a part owner, unless said person shall receive a larger share of the proceeds or profits from the transaction than his proportional investment therein would otherwise justify, such excess share being directly or indirectly the result of the service of buying, selling, exchanging or leasing said property" and (ii) "one officer of every corporation engaged in the sale of its own properties who shall be its president unless otherwise provided in its charter or bylaws, if said corporation shall not otherwise be classified as a real estate broker or a salesman." The threshold question, then, is whether the exception in the case of corporations constitutes a reasonable classification when applied to appellees while they are engaged in the activities of which appellant complains. As pointed out in McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964), in order for a statutory classification not to deny equal protection, it must rest on some difference that bears a just and reasonable relation to the statute in respect to which the classification is proposed. Stated otherwise, there must be a logical connection between the classification involved and the stated purpose to be achieved by the statute, in this case protecting members of the general public who are involved in real estate transactions. As applied to these appellees and their particular activities we discern no such logical connection.
It is necessary ordinarily to regulate a real estate broker or salesman because misrepresentations of misconduct on his part cannot necessarily be visited upon the person or entity he represents. A member of the public who is injured by the acts or representations of a broker or salesman does not necessarily have recourse to the principal whom the broker or salesman represents. See, e.g., Shelton v. Florida Real Estate Comm'n, 120 So.2d 191, 193 (2d D.C.A.Fla. 1960). But when one deals with the employee of a corporate owner of property the conduct of such employee is the responsibility of the employer under the doctrine of respondeat superior. While sanctions which can be imposed by the Florida Real Estate Commission upon an errant broker or salesman obviously are necessary to protect the public because of his peculiar legal status and duties,[4] no analogous argument can be maintained successfully where an injured third party has direct recourse to the owner for the actions of the employee.
Even if the foregoing argument were not persuasive, the assertion by the appellant that the statutory scheme of subsection 475.01(2), Florida Statutes, protects the public in real estate transactions with a corporate owner of real estate is not efficacious. As pointed out by the appellees, exceptions to the licensing requirements of Chapter 475 exist in the case of partners and corporate presidents. This is purely arbitrary from the standpoint of any standard of character or fitness applicable to *1160 partners or corporate officers. There is no rational basis for a presumption that a president or other officer designated by the corporation has some unique quality which better suits him or her to deal with the public in transactions involving corporate real estate. It is apparent that the Legislature recognized that an individual has the constitutional right to deal with his own real property without the intervention of a licensed real estate broker or salesman and that the exceptions with respect to partnerships and corporations were inserted in the statute to place those business organizations on some sort of parity with the natural person who owns real estate. However, the classification utilized by the Legislature in creating the exception is unreasonable when applied to appellees' particular situation. Such unreasonableness is demonstrated by hypothetical situations posited by the appellees in their brief. For example, Mid-State could form any number of limited partnerships with the corporation as a general partner and thus have an unlimited number of individuals who could sell land without registering with the Commission. In such circumstances the only partners required to be licensed under Chapter 475 would be members of partnerships selling non-partnership land or partners who are compensated directly for sales that are out of proportion to their general partnership participation. In addition, under the Commission's construction of the statute, Mid-State submits that it clearly could form subsidiary corporations or limited partnerships, with one officer in each corporation or all partners able to sell land without being registered. The recitation of these legitimate, alternative means of accomplishing acts considered by the Commission to be illegitimate demonstrates the tenuous position in which the appellant is placed in contending that the exception in the statute, as applied to appellees, protects the interests of the public.
By virtue of Section 608.13(8), Florida Statutes, a corporation in Florida is vested with the right, unless otherwise provided by law, to hold and sell real property. Under the facts established in the instant case Mid-State is effectively deprived of the right to dispose of its property because licensed brokers cannot be induced to handle the transactions but appellant would preclude employees of Mid-State from handling the transactions without being licensed. In an analogous situation the practicalities of the matter have induced this Court to adopt a Rule in Summary Procedure which permits a corporation to act without an attorney where the demand or value of property involved does not exceed $1,500. See Fla.R.S.P. 7.050.
In the absence of some compelling public purpose to be served by the burdensome result which flows from application of the statute to the activities of appellees  and no such purpose has been demonstrated  such a result cannot constitutionally obtain. See Ackies v. Purdy, 322 F. Supp. 38 (S.D. Fla. 1970). Accordingly, we hold that application of the provisions of Chapter 475, Florida Statutes, to the activities of the appellees under the particular facts of this case violates the provisions of Article I, Section 2 of the Constitution of the State of Florida and Amendment Fourteen of the Constitution of the United States as depriving appellees of equal protection of the laws.[5]
The judgment of the trial court is affirmed.
OVERTON, C.J., and ROBERTS and ADKINS, JJ., concur.
ENGLAND, J., concurs with an opinion.
BOYD, J., dissents with an opinion.
HATCHETT, J., dissents with an opinion.
ENGLAND, Justice (concurring).
I concur in the Court's conclusion that the "one officer" limitation is invalid as applied *1161 to appellee in this case, but I also view the limitation as invalid as applied to any corporate owner of real estate. If the limitation has no rational connection with this corporate litigant, I fail to see how it could withstand constitutional scrutiny in other like contexts.
Corporations, like individuals, possess the absolute right to own and sell real property. Section 608.13(8)(a), Florida Statutes. I would hold, therefore, that the "one officer" limitation of Section 475.01(2), Florida Statutes (1975), denies equal protection of the laws to any corporation which owns and seeks to sell real property in this state.
BOYD, Justice (dissenting).
I respectfully dissent.
Whether it is proper for the State to require those engaging in real estate activities stated in Section 475.01(2), Florida Statutes, to demonstrate their qualifications should be a matter of public policy determined by the Legislature and not by the courts.
The hardship mentioned in the majority opinion is not, in my opinion, sufficient to justify exemption of appellees from the law. The requirements placed upon appellees are the same as those imposed by the State in regulating other businesses and professions. The purpose is to protect the public against reliance upon persons whose knowledge and ethical standards are not sufficient to protect society.
In this case appellees could easily comply with the law by requiring the present salesmen to pass the real estate examination, employ licensed brokers and salesmen, or by having a corporate officer do the selling, as authorized by the above statute.
HATCHETT, Justice (dissenting).
The question the Court today decides in favor of Mid-State Homes, Inc., and its employees, was decided adversely to Mid-State Homes, Inc., and its employees, the last time this case was here. Florida Real Estate Comm'n v. McGregor, 268 So.2d 529 (Fla. 1972). The Court's decision in the earlier Florida Real Estate Comm'n v. McGregor, supra established the law of the case, and the law of the case should be followed. See Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla. 1976), and cases collected there.
By "law of the case" is meant the principle that the questions of law decided on an appeal to a court of ultimate resort must govern the case in the same court and the trial court through all subsequent stages of the proceeding. Or, as otherwise stated, whatever is once established between the same parties in the same case continues to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continue to be the facts in the case... .
2 Fla.Jur. Appeals § 398 (1963) (footnote omitted)
When this case was first before the Court, the Court necessarily ruled the statute constitutional as applied to appellees, even though the constitutionality of Section 475.01(2), Florida Statutes (1975)[*] was not discussed. Evidently the Court as it was then constituted perceived no equal protection problem worthy of comment.
Initially, the Florida Real Estate Commission filed a complaint in the Circuit Court, Hillsborough County, seeking to enjoin Mid-State Homes, Inc., from selling its real estate through its own employees, rather than through registered real estate sales-persons. The trial court concluded that no statute required Mid-State Homes, Inc. to deal through registered real estate salespersons, and entered judgment accordingly. The Commission appealed, contending that Section 475.01(2), Florida Statutes (1975) should not be construed to exempt employees of Mid-State Homes, Inc. from real estate salesperson licensing laws. Rejecting the Commission's contention, the District *1162 Court of Appeal, Second District, affirmed. Florida Real Estate Comm'n v. McGregor, 254 So.2d 566 (Fla.2d DCA 1971).
This Court granted certiorari, quashed the District Court's decision, and said:
We conclude that the decision of the District Court in purporting to construe the intent and meaning of the statute ignores the quoted plain language of the regulation and judicially legislates an exception favoring the two employees of Mid-State Homes, Inc. by permitting them to serve in the role of real estate salesmen for their employer without being licensed... .
Courts are supposed to exercise restraint and not be concerned with the wisdom or policy of statutory regulations  at least not to the point of rewriting a statute to eliminate language with which the court disagrees. Relief in this case, if advisable, should be a matter of legislative, not judicial concern. The Legislature, rather than the courts, has the constitutional latitude to consider after careful hearings the entire subject and resulting effects involved in amending and making exceptions to regulatory statutes.
268 So.2d at 530-531 (emphasis supplied)
If this Court had deemed the statute unconstitutional as applied to respondents in the first proceeding here (now appellees), it would hardly have left the problem of relief to the legislature, which enacted the statute in the first place.
In keeping with established rules of decision, moreover, this Court could not have quashed the District Court's affirmance of the trial court's judgment, without first concluding that the statute was constitutional as applied to Mid-State Homes, Inc., and its employees. The Court necessarily determined that the result reached in the lower courts was not supportable on any theory, including any theory that the statute was unconstitutional. "[A] trial court's judgment ... should be affirmed if the record as a whole discloses any reasonable basis, reason or ground on which the judgment can be supported." Firestone v. Firestone, 263 So.2d 223, 225 (Fla. 1972); In re Estate of Yohn, 238 So.2d 290 (Fla. 1970) ("It is elementary that the theories . . assigned by the lower court as its basis for the ... judgment appealed from ... are not ... controlling on appeal and the Appellate Court will make its own determination ..." At 295). Accord, e.g., State v. Clyde, 299 So.2d 136 (Fla.2d DCA 1974); Goodman v. Goodman, 204 So.2d 21 (Fla.4th DCA 1967); Oper v. Air Control Products, Inc., 174 So.2d 561 (Fla.3d DCA 1965); Bambrick v. Bambrick, 165 So.2d 449, 455 (Fla.2d DCA 1964). The Court's first decision on this matter ineluctably established the constitutionality of the statute as applied to Mid-State Homes, Inc., and its employees. 268 So.2d 529.
On remand, the trial court was not free to disregard the determination, inherent in this Court's original decision, that the statute passed constitutional muster. Cf. United States Fidelity & Guaranty Co. v. Sellers, 197 So.2d 832 (Fla.1st DCA 1967) cert. den. 204 So.2d 211 (Fla. 1967). "Even though a point is not discussed in the appellate court's opinion, the doctrine [of law of the case] is applicable if the point was of necessity determined by the court." 2 Fla. Jur. Appeals § 400 (1963). In reviving the constitutional question, the trial court ignored the law of the case. In affirming the trial court's judgment, the majority flies in the teeth of settled principles of appellate procedure and invites evasion of the mandates of all Florida appellate courts.
I respectfully dissent.
NOTES
[1] For our purposes the pertinent portions of Section 475.01, Florida Statutes, are as follows:

"(2) Every person who shall, in this state, for another, and for a compensation ... directly or indirectly paid ... sell,. . or negotiate the sale, ... of any real property, ... or who shall advertise ... that such person is engaged in the business of ... selling, ... or renting real estate, ... and every person who shall take any part in the procuring of ... purchasers, ... of the real property, ... of another; ... and all persons who are members of partnerships or officers or directors of corporations engaged in performing any of the aforesaid acts or services; each and every such person shall be deemed and held to be a `real estate broker' or a `real estate salesman,' ... nor shall the term broker or salesman be applied to a person who shall deal with property in which he is a part owner, unless said person shall receive a larger share of the proceeds or profits from the transaction than his proportional investment therein would otherwise justify, such excess share being directly or indirectly the result of the service of buying, selling, exchanging or leasing said property; nor shall said terms be applied to one officer of every corporation engaged in the sale of its own properties who shall be its president unless otherwise provided in its charter or by-laws, if said corporation shall not otherwise be classed as a real estate broker or a salesman." (Emphasis supplied)
[2] Mike McGregor, a mortgage representative of Mid-State, was named as a party defendant, but he was subsequently dismissed because his employment ceased after this suit commenced.
[3] State ex rel. Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), vacated, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), on remand 159 So.2d 229 (Fla. 1963); Florida Bar v. Drury, Case No. 36,959, Sup.Ct. of Fla., Opinion filed June 5, 1968 (Unreported Order).
[4] See generally Zichlin v. Dill, 157 Fla. 96, 25 So.2d 4 (1946); Chisman v. Moylan, 105 So.2d 186 (2d D.C.A.Fla. 1958); 5 Fla.Jur., Brokers, § 27.
[5] Of course, only the individual appellees can rely on the equal protection provision of Art. I, § 2, Fla. Const., which is limited in terms to "natural persons." Both the individual appellees and the corporate appellee, Mid-State Homes, Inc., are guaranteed equal protection of the law by Amend. XIV, U.S.Const.
[*] Subsection two reads today just as it did when this litigation began.