362 So.2d 674 (1978)
FLORIDA REAL ESTATE COMMISSION, Appellant,
v.
D. Harold JOHNSON, June Lewis, Daniel L. Boyce, As Individuals, and Garden Properties, Inc., Appellees.
No. 52336.
Supreme Court of Florida.
September 7, 1978.
John Huskins and Howard Hadley, Winter Park, for Florida Real Estate Commission, appellant.
James E. Moore, of Moore & Anchors, Niceville, for appellees.
Stephen W. Metz, Tallahassee, for Florida Home Builders Association, amicus curiae.
ENGLAND, Chief Justice.
Following our recent unwillingness to apply the "one corporate officer" limitation in the real estate license law to one corporate landowner in Florida,[1] the Florida Real Estate Commission has continued its policy of enforcing the statute to deny other corporate landowners the privilege of selling their properties through the activities of more than one unlicensed corporate employee. The present case, which arises out of the Commission's attempt to enjoin Garden Properties, Inc. from selling its real property through three salaried, non-licensed employees, brings to us for consideration the validity of the statutory limitation as applied to corporate landowners generally.
The circuit court in Bay County declared the "one officer" limitation of Section 475.01(2), *675 Florida Statutes (1975), to be violative of the federal and state constitutions in that it denies corporate landowners equal protection of the laws.[2] From this ruling, a direct appeal was brought here.[3] Having now considered the effect of the statutory limitation on corporate landowners generally, we affirm the circuit court's ruling that the limitation is invalid.
The Real Estate License Law  Chapter 475, Florida Statutes (1977)  requires the licensing and regulation of all persons who sell real property in the state, with certain exceptions. Exempted from the operation of the statute are individuals dealing with their own property, certain partners of a partnership, one officer of a corporation, and all employees of public utilities, rural electric cooperatives, railroads, and the Department of Transportation.[4] In Florida Real Estate Commission v. McGregor,[5] we held that the one corporate officer exemption did not apply to sales made by McGregor and other employees of Mid-Sales, Inc. under the peculiar circumstances by which that corporation was obliged to sell its property. We reasoned that the "one officer" limitation was the legislature's attempt to place corporations on a parity with individual property owners who have the constitutional right to deal with their own property, but that, as applied to Mid-Sales, Inc., the classification creating the exemption bore no reasonable relationship to the protection of the public. We also pointed out that the rationale for regulating real estate brokers and salesmen  that their misconduct cannot be imputed to and recompensed by clients  does not apply when one deals with the employee of a corporate property owner, since the injured party has direct recourse against the employer-owner under the doctrine of respondeat superior.
The policy reasons which governed in McGregor have universal application, and we now see no rational basis to distinguish Mid-Sales, Inc.'s disposal of its properties from like sales by any other corporation. Section 475.01(2) denies equal protection of the laws to corporations which own and seek to sell their property in this state, and to the extent that it limits the right to sell corporate real property to only one unlicensed corporate employee it is unconstitutionally restrictive. The order of the Bay County Circuit Court is affirmed.
It is so ordered.
ADKINS, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I dissent for the reasons expressed in my dissent in Florida Real Estate Commission v. McGregor, 336 So.2d 1156, at 1161 (Fla. 1976). The purpose of this law is not to prevent competition with licensed brokers and salesmen, but to protect the public from dealing with corporate employees who are incapable of meeting mental and moral standards required of all brokers and salesmen in this State.
NOTES
[1] Florida Real Estate Comm'n v. McGregor, 336 So.2d 1156 (Fla. 1976), construing Section 475.01(2), Florida Statutes (1975).
[2] U.S.Const. amend. XIV; Art. I, § 2, Fla. Const. See Florida Real Estate Comm'n v. McGregor, 336 So.2d 1156, 1160 n. 5 (Fla. 1976).
[3] Art. V, § 3(b)(1), Fla. Const.
[4] § 475.01(2), Fla. Stat. (1977).
[5] 336 So.2d 1156 (Fla. 1976).