WENTWORTH, Judge.
The appellant secretary of the Florida Department of Health and Rehabilitative Services challenges an order of the circuit court denying an HRS motion for summary judgment and to dissolve a preliminary injunction entered against it in 1981. We affirm the disposition of the motion.
By the terms of the 1981 temporary restraining order HRS was:
enjoined from terminating or otherwise denying AFDC benefits to otherwise eligible households solely because the house *154 hold’s gross income exceeds 150% of the standard of need until the standard of need is found to comply with § 409.185, F.S.[1]
Section 409.185, Florida Statutes, was amended effective October 1, 1982, to provide “the Legislature shall set the standard of need ... in the General Appropriations Act,”[2] and the 1982 appropriations act prescribed a $468 monthly standard of need for the purpose in question.[3]
Appellant then sought summary judgment and dissolution of the injunction on the grounds (1) that HRS was not the proper party defendant after the amendments, supra, and (2) that the dollar standard of need prescribed by the appropriations act is not subject to judicial review. The order now on appeal properly finds against HRS on point (1), referencing Florida Real Estate Commission v. Johnson, 362 So.2d 674 (Fla.1978), and Stephenson v. Department of Agriculture, 329 So.2d 373 (Fla. 1st DCA 1976). We do not reach the contention here that, for lack of a complaint and evidence under the new law, the court should have dissolved the injunction “effective October 1, 1982, the effective date of the new standard of need,” since that argument was not presented to the trial court.
As to point 2, supra, the order on appeal finds that the new enactments do not as a matter of law require either entry of summary judgment for HRS or dissolution of the injunction, and finds that judicial review of the legislative standard of need is proper on two alternative grounds: (a) because “there is a constitutional requirement that the General Appropriations Act be consistent with substantive law ... judicial review is necessary and appropriate to determine whether the numerical figure in the Appropriations Act is ... consistent with the statutory definition of standard of need set forth in substantive law;”[4] and (b) because “legislative findings of fact are subject to review to determine whether there is a rational basis to support them,” and “where the Legislature has chosen to define ‘standard of need’ as ‘full money value of basic and special needs ... ’ there must be some rational relationship between the definition and the numerical figure selected.”
Because the factual issue of “whether the numerical figure in the Appropriations Act is ... consistent with the statutory definition of standard of need” remains outstanding and pertinent as a predicate for the trial court’s determination of the constitutional propriety of the contested legislative action, we affirm the order denying summary judgment and dissolution of the injunction at this time. However, in the present posture of this case we decline to express any opinion as to whether such inconsistency, if found to exist, would affect the validity of the legislative action. Likewise, we do not consider the court’s alternative ground, i.e., that the legislative dollar standard of need prescribed by appropriation should be subject to review as a legislative finding of fact. We leave these issues for future resolution upon more thorough briefing if it should become essential in the progress of the case.
Affirmed.
ERVIN and NIMMONS, JJ., concur.

.The Aid to Families with Dependent Children program utilizes federal funds administered by HRS under § 409.185, F.S., et seq. In 1981 HRS Rule 10-CER-81-19.28, State of Florida Rules and Regulations, disqualified a family of four with gross monthly income over $345, representing 150% of the standard of need set by HRS in 1969 at $246 per month. The federal Omnibus Reconciliation Act of 1981, § 2303 of Public Law 97-35, precluded aid to those with income exceeding 150% of .the state standard of need; 45 C.F.R. 233.20.

. Chapter 82-221, Laws of Florida.

. Chapter 82-215, Laws of Florida.

. Section 409.185(4), F.S. (1982 Supp.), provides: “The standard of need is the full money value required to provide basic and special needs recognized by the state, as defíned by the Legislature, as essential for applicants and recipients.” (e.s.) Identical language, except for the emphasized words, appeared in § 409.-185(4)(a) prior to amendment.