471 So.2d 138 (1985)
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF FLORIDA LAND SALES AND CONDOMINIUMS, Appellant,
v.
LeBrun N. SMITH and Condoshare Group, Inc., Appellees.
No. AV-399.
District Court of Appeal of Florida, First District.
June 7, 1985.
*139 Thomas A. Bell, Dept. of Business Regulation, Tallahassee, for appellant.
J. Lofton Westmoreland of Sherrill, Moore, Hill & Westmoreland, Pensacola, for appellees.
ZEHMER, Judge.
On June 30, 1983, appellees, LeBrun N. Smith and Condoshare Group, Inc., filed a declaratory judgment action to determine whether section 721.20, Florida Statutes (1983), violates their constitutional rights to due process and equal protection. U.S. Const. amend. XIV, § 1, and Art. 1, §§ 2, 9, Fla. Const. The Department of Business Regulation, Division of Florida Land Sales and Condominiums (Department) was named as defendant. The circuit court entered final judgment holding section 721.20 unconstitutional as violative of due process and enjoining its enforcement by the Department. We reverse.
Appellee Smith owns a time-share condominium project known as Sailfish Yacht Club, and appellee Condoshare Group, Inc., a Florida corporation wholly owned by Smith, owns a time-share condominium project known as Steamboat Landing. Time-share interval units are, in essence, condominiums divided into weekly units and sold to individuals for one or more weeks during the year. Both appellees sell time-share units. Condoshare Group, Inc., uses its employees as sales personnel and telephone operators, but several such employees are not licensed to sell real estate pursuant to chapter 475, Florida Statutes (1983). All unlicensed employees who engage in sales activities are paid a regular salary without sales commissions.
Chapter 475, Florida Statutes, governs the licensing of persons engaged in the sale of real estate in Florida. Prior to 1979, section 475.01(2) required that all employees of a corporation engaging in the sale of corporate real estate, except for one appointed officer, be licensed real estate brokers or salesmen.[1] This statutory requirement *140 was held unconstitutional as a violation of equal protection in Florida Real Estate Commission v. McGregor, 336 So.2d 1156 (Fla. 1976), and Florida Real Estate Commission v. Johnson, 362 So.2d 674 (Fla. 1978). In 1979, chapter 475 was amended to exempt all employees of corporate property owners from the licensing requirement of chapter 475 if such employees were paid on a regular-salary basis rather than a commission basis. § 475.011(2), Fla. Stat. (1979).[2]
In 1981, the legislature enacted the Florida Real Estate Time Sharing Act, chapter 81-172, Laws of Florida. Section 721.20, Florida Statutes (1981), provided that all sellers of a time-sharing plan must be licensed real estate salesmen, brokers, or broker-salesmen pursuant to chapter 475, unless they fit within the exemptions to chapter 475 provided in section 475.011, Florida Statutes (1981).[3] The effect of section 721.20, therefore, was to exempt from the licensing requirements all employees of a corporation engaged in selling corporate time-share plans who were paid strictly on a salary basis.
Effective July 1, 1983, section 721.20 was amended to eliminate the reference to the exemptions set forth in section 475.011. Chapter 83-264, Laws of Florida.[4] As amended, section 721.20 required that "[a]ny seller of a time-share plan shall be a licensed real estate salesman, broker, or broker-salesman, as defined in section 475.01 or its successor" and that "[n]o seller or developer may employ a person for the purposes of offering time-share periods for sale unless such person is a licensed salesman, broker, or broker-salesman as defined in section 475.01 or its successor."
Appellees initiated this declaratory judgment proceeding to determine whether section 721.20, Florida Statutes (1983), was unconstitutional. Throughout the proceeding, the Department has taken the position that it was construing section 721.20 as not requiring licensing for individual owners of property who wished to sell their own property as time-share plans but would require licensing for employees of corporate property owners who engage in the selling of *141 time-share plans. Appellees contend that "[t]he new provisions of § 721.20 create an unreasonable and impermissible classification and thus violate Appellee's rights to due process and equal protection as guaranteed under the Florida and United States Constitutions" (appellees' answer brief, p. 4). The circuit court entered a final judgment declaring section 721.20 to be unconstitutional because:
It is well established under Florida case law, specifically on the authority of Florida Real Estate Commission v. McGregor, 336 So.2d 1156 (Fla. 1976) and Florida Real Estate Commission v. Johnson, 362 So.2d 674 (Fla. 1978) that an individual and a corporation and their respective employees have the constitutional right to deal with his and its respective real property without the intervention or requirement of the utilization of a licensed real estate broker or salesman.
The court explicitly found that the statute "denies Plaintiffs due process of law" on the authority of McGregor and Johnson and permanently enjoined the Department from enforcing the provisions of section 721.20.
Initially, we note that while this case has been on appeal the Florida Legislature has amended section 721.20 to, among other things, reinstate the specific reference to the exemptions provided in section 475.011, Florida Statutes (1983). Chapter 84-256, Laws of Florida.[5] Currently the employees of a corporate property owner who are paid on a regular-salary basis and conduct selling activities for time-share plans need not be licensed pursuant to chapter 475. We are not called upon in this case to review the constitutionality of section 721.20 as it presently exists but, rather, as it existed in 1983. Because section 721.20 as it then existed is potentially enforceable against sellers of time-share plans that were unlicensed at that time, the question before us has not become moot. We do not, as was suggested on appeal, consider the 1984 amendment a clarification of legislative intent as to the meaning of the statute in 1983. The legislature specifically amended section 721.20 in 1983 to require licensing of all sellers of time-share plans, and that was obviously its *142 intended purpose. It defies logic to assume that the 1984 amendment reinstating the exemptions for corporate employees was merely to clarify the intent of the substantially different 1983 amendment.
Throughout this judicial proceeding, in the court below and on appeal, the Department has taken the position that it will not attempt to enforce the licensing requirements of section 721.20 against individual owners of time-share plans, but will enforce the provisions only against employees of corporate owners. We conclude, however, that this construction substantially alters the plain meaning of the language used in the statute. Section 721.20, by its very terms, applies to all sellers of time-share plans, without limitation or exclusion, whether individual or corporate owners and their employees. It is this statutory meaning that we review for lack of constitutionality.
The trial court held section 721.20 unconstitutional in specific reliance upon the Supreme Court's opinions in McGregor and Johnson. Those decisions are strictly limited to issues of equal protection rather than due process. In both cases the statute reviewed did not require licensing of individual property owners but did require licensing of employees of corporate property owners. The Court discussed basic equal protection doctrine and held there was no rational basis for distinguishing between employees of corporate property owners and individual property owners. The Department's construction of the 1983 version of section 721.20 distinguished between private owners and corporate owners and thereby created equal protection issues controlled by McGregor and Johnson. But the plain language of section 721.20, as we construe it, requires that all sellers of time-share plans be licensed, so we are not faced with the equal protection problem decided in McGregor and Johnson.[6] Those decisions do not support the trial court's finding that the statute violates due process.
The following principles are pertinent to resolving whether section 721.20 violates due process:
The due process clause of the State Constitution, Declaration of Rights, § 12, and of the Fourteenth Amendment to the Federal Constitution, U.S.C.A. Const. Amend. 14, are intended to operate not only to forbid, but by judicial proceedings to prevent, any and all arbitrary and oppressive governmental activities that adversely affect the life, liberty and property rights of any person; but such organic provisions do not operate to substitute judicial judgment for legislative discretion in the exercise of the sovereign legislative power in regulating business occupations or professions to conserve the public welfare. Courts may declare such a legislative enactment to be a deprivation of life, liberty or property rights without due process of law, only when the statute is arbitrary and unreasonable or oppressive as it adversely affects such life, liberty and property rights. If there is any conceivable reasonable basis for a statutory regulation of intrastate business occupations to conserve the public welfare, an annulment of such legislative regulation is not within the contemplation of the judicial power invested in the courts by the Florida Constitution.
Heller v. Abess, 134 Fla. 610, 184 So. 122, 123 (1938).
The presumption of constitutionality imposes a heavy burden of proof upon one attacking the validity of a statute:
When construing statutes, the courts must assume that the Legislature intended to enact an effective law. Statutes are presumptively valid and constitutional, and will be given effect if possible. All doubts will be resolved in favor of constitutionality. Bonvento v. Bd. of *143 Public Instruction of Palm Beach County, 194 So.2d 605 (Fla. 1967). Acts of the Legislature are presumed valid and an act will not be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt. Knight and Wall Co. v. Bryant, 178 So.2d 5 (Fla. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 (1966).
A.B.A. Industries, Inc. v. City of Pinellas Park, 366 So.2d 761, 763 (Fla. 1979).
Appellees have failed to carry their burden of demonstrating that the statute under review violates due process. As previously stated, their attack has been centered upon equal protection arguments. Nothing has been shown that would justify our assuming that the questioned statute is arbitrary, unreasonable, or oppressive in its operation on appellees' property rights. Nothing in the record shows the statute to be anything but a reasonable regulation of intrastate business occupations to conserve the public welfare. The development and sale of time-share units are not rationally likened to a landowner's constitutional right to alienate his property by selling it to a willing buyer. Time-share units are predicated on the sale of the same piece of realty to as many as fifty or more separate owners and necessarily involves coordination and continuing management of that property to the end that all purchasers may enjoy the benefits of their purchase. There can be no doubt that this sales activity is significantly different from ordinary real estate sales practices. For this reason, time-share sales involve substantial and unique public interest concerns that may require sales persons to be licensed, thus, state regulation is not factually arbitrary, unreasonable, or oppressive. The record fails to demonstrate that application of this statute results in an unreasonable restraint on appellees' right to alienate their property; hence, we cannot overturn its validity on that basis. In summary, nothing in the record demonstrates that this statute is not a reasonable exercise of the police power for a valid public purpose.
Accordingly, the judgment of the court below is reversed and the case is remanded for entry of judgment in accordance with this opinion.
REVERSED.
ERVIN, C.J., and MILLS, J., concur.
NOTES
[1] Section 475.01(2), Florida Statutes (1977), states in part:

Every person who shall, in this state, for another, and for a compensation or valuable consideration directly or indirectly paid or promised ... sell, exchange, buy or rent ... any real property, or any interest in or concerning the same ... shall be deemed and held to be a "real estate broker" or a "real estate salesman." ... [S]aid terms [shall not] be applied to one officer of every corporation engaged in the sale of its own properties who shall be its president unless otherwise provided in its charter or bylaws, if said corporation shall not otherwise be classed as a real estate broker or a salesman.
[2] Section 475.011, Florida Statutes (1979), states:

This chapter does not apply to:
* * * * * *
(2) Any individual, corporation, partnership, trust, joint venture, or other entity which sells, exchanges, or leases its own real property; however, this exemption shall not be available if and to the extent that an agent, employee, or independent contractor paid a commission or other compensation strictly on a transactional basis is employed to make sales, exchanges, or leases to or with customers in the ordinary course of an owner's business of selling, exchanging, or leasing real property to the public.
[3] Section 721.20, Florida Statutes (1981), states:

Any seller of a time-sharing plan shall be a licensed real estate salesman, broker, or broker-salesman, pursuant to chapter 475 or its successor, and shall be subject to all of the provisions of that chapter. This section shall not apply to those individuals who are exempt from chapter 475 or to those time-sharing plans which are registered with the Securities and Exchange Commission.
[4] Section 721.20, Florida Statutes (1983), states:

Any seller of a time-share plan shall be a licensed real estate salesman, broker, or broker-salesman, as defined in s. 475.01 or its successor. No seller or developer may employ a person for the purposes of offering time-share periods for sale unless such person is a licensed salesman, broker, or broker-salesman as defined in s. 475.01 or its successor. This section does not apply to those individuals who offer for sale only time-share periods located outside this state and who do not engage in any sales activities within this state, nor to those time-share plans which are registered with the Securities and Exchange Commission. For purposes of this section, both time-share licenses and time-share estates are considered to be interests in real property.
[5] Section 721.20, Florida Statutes (1984 Supp.), states:

Licensing requirements; suspension or revocation of license. 
(1) Any seller of a time-share plan must be a licensed real estate salesman, broker, or broker-salesman as defined in s. 475.01, except as provided in s. 475.011. Solicitors licensed under the provisions of paragraph (2)(a) who engage only in the solitication of prospective purchasers are exempt from the provisions of chapter 475.
(2)(a) Pursuant to rules adopted by the division, each off-premises solicitor or other person who engages in the solicitation of prospective purchasers of units in a time-share plan must purchase annually a time-share occupational license for a fee of $25. The license shall expire on July 1 of each year.
(b) It is unlawful for any person to solicit prospective purchasers of a time-share plan without first having secured a time-share occupational license and paid the occupational license fee.
(c) Prior to issuing an occupational license, the division shall receive an application, on forms designed by the division, containing such pertinent background information as is necessary to properly identify the applicant; however, the fingerprinting of applicants is not required. The division may deny a license to any individual whom the division finds not to be of good moral character.
(d) The division may deny, suspend, or revoke any occupational license when the holder thereof has violated the provisions of this chapter or the rules and regulations of the division governing time-sharing. If any occupational license expires by division rule while administrative charges are pending against the license, the proceedings against the license shall continue to conclusion as if the license were still in effect. The division may impose a civil fine of up to $500 in addition to, or in lieu of, a suspension or revocation provided for in this section for violation of the rules of the division.
(3) This section does not apply to those individuals who offer for sale only time-share periods in time-share property located outside this state and who do not engage in any sales activity within this state or to time-share plans which are registered with the Securities and Exchange Commission. For the purposes of this section, both time-share licenses and time-share estates are considered to be interests in real property.
[6] It should be noted that section 721.05(23), Florida Statutes (1983), specifically exempts from operation of the statute anyone who has "acquired a time-share period for his own occupancy and later offers it for resale." Appellees admittedly do not fit within this exception as they are in the business of making initial offers and sales of new time-share units.