FERGUSON, Judge
(dissenting).
By its affirmance the majority approves the trial court’s ruling that the courthouse is closed, as a matter of public policy, to a citizen seeking compensation for services rendered pursuant to an employment contract. I respectfully dissent.
The question presented is whether an unlicensed real estate salesman employed by an owner-developer of real property who, by a contractual arrangement, is paid a nominal salary plus a commission on sales, may maintain an action against the employer for unpaid commissions. A summary judgment was entered against the employee on a holding that section 475.-42(l)(d), Florida Statutes (1989),[1] prevents an unlicensed salesmen from suing for a real estate brokerage commission. In reviewing the legal issue, the employee’s version of the disputed facts is accepted.
Sakolsky, an owner and developer of a high-rise luxury building, hired Bockar as an in-house leasing agent with a primary responsibility to lease ground floor space to retail stores and businesses. Bockar’s duties were expanded to include finding lessees for all the office space in Sakol- *252 sky’s building. Bockar, whose real estate license was in an inactive status,, was to be paid $200 per week, along with a commission of four percent of the total value of all leases for space in Sakolsky’s building which were procured by Bockar.
After Bockar’s duties were expanded, a dispute arose between the parties over the terms of the employment. Bockar was terminated. After Bockar was dismissed, Sakolsky executed leases for space in the building with customers who had been procured by Bockar. Sakolsky’s rejection of Bockar’s claim for earned commissions led to this litigation.
In deciding the question presented, we must first look to the purpose and scope of chapter 475. The purpose is set forth in the first section of the chapter:
The Legislature finds that a significant number of real property transactions are facilitated by real estate brokers and salesmen and that it is necessary to assure the minimal competence of real estate practitioners in order to protect the public from potential economic loss; therefore, the Legislature deems it necessary in the interest of the public welfare to regulate real estate brokers, salesmen, and schools in this state.
§ 475.001, Fla.Stat. (1989). [Emphasis added].
It is generally agreed that an owner who sells or leases his own real property is exempt from the chapter. § 475.011(2), Fla.Stat. (1989). Most of the parties’ arguments focus on the second clause in the same section which extends the exemption, in limited circumstances, to unlicensed salesmen employed by the owner:
[H]owever, this exemption shall not be available if and to the extent that an ... employee ... paid a commission ... on a transactional basis is employed to make sales ... or leases to or with customers in the ordinary course of an owner’s business of selling ... or leasing real property to the public.
§ 475.011(2), Fla.Stat. (1989). There is no question that, on the facts of this case, chapter 475 would apply as a bar had Boc-kar brought this action against the customers to collect commissions. See Florida Real Estate Comm’n v. McGregor, 336 So.2d 1156 (Fla.1976). That determination, however, is not dispositive of this case.
Section 475.41, Florida Statutes (1989), which invalidates any contract for payment of a commission to an unlicensed real estate salesman, and section 475.42(1), Florida Statutes (1989), which enumerates actions of an unlicensed salesman that constitute violations of the chapter, must be construed with reference to section 475.001, which sets forth the purpose of the chapter. In that context, it is an agreement for a real estate commission to be paid to an unlicensed salesman by the customer which is invalidated by sections 475.41 and 475.42. Since the employer-employee dispute here does not involve a member of the “public”, which the act was designed to protect, there can be no reliance on chapter 475 by Sakolsky as a defense to the alleged breach of an employment agreement.
Further, the exemption provided to Sak-olsky by section 475.011(2), as an owner-seller of real property, renders the contract-voiding feature of sections 475.41 and 475.42, relied upon by Sakolsky, totally inapplicable. Section 475.011(2) provides, in the first clause:
This chapter does not apply to:
* * * s}s $ *
(2) Any individual, corporation, partnership, trust, joint venture, or other entity which sells, exchanges, or leases its own real property....
§ 475.001(2), Fla.Stat. (1989). Unless barred by some other legal principle, Boc-kar may maintain this contract action against his former employer — who is the owner of the leased property — for commissions earned.
I would reverse the summary judgment.

. Section 475.42(l)(d) provides:
No salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of the employer and with the express consent of the employer; and no real estate salesman, whether the holder of a valid and current license or not, shall commence or maintain any action for a commission or compensation in connection with a real estate brokerage transaction against any person except a person registered as his employer at the time the salesman performed the act or rendered the service for which the commission or compensation is due.