[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-13293

_____

D. C. Docket No. 00-08178 CV-KLR

IN RE:  James Alan Villa,

Debtor.

DONALD A. HOFFEND, SR.,

Plaintiff-Appellant,

versus

JAMES ALAN VILLA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 15, 2001)**

Before ANDERSON, Chief Judge, FAY and BRIGHT*, Circuit Judges.

_____

*Honorable Myron H. Bright, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

ANDERSON, Chief Judge:

This appeal arises from the Bankruptcy Court's dismissal of Plaintiff-Appellant Donald Hoffend's complaint, in which Hoffend sought to have a claim arising from alleged securities law violations deemed nondischargeable under the Bankruptcy Code's fraud exception to discharge, 11 U.S.C. § 523(a)(2)(A). In granting the Debtor James Villa's motion to dismiss, the Bankruptcy Court held that, because Hoffend did not allege that Villa committed actual fraud, Hoffend failed to state a claim of nondischargeability under § 523(a)(2)(A). The District Court affirmed. Hoffend appeals and argues that the alleged fraud of Villa's employees may be imputed to Villa under § 20(a) of the Securities Exchange Act, so as to render Hoffend's claim nondischargeable by Villa. Mindful of our obligation to construe strictly exceptions to discharge, we hold that liability under § 20(a) is insufficient to impute culpability to a debtor so as to render the liability nondischargeable under § 523(a)(2)(A). The dismissal is affirmed.

## BACKGROUND

Plaintiff-Appellant Donald Hoffend maintained an investment account, from 1986 to 1994, with H.J. Meyers & Co., Inc., a brokerage firm. Defendant-Appellee James Villa was the president, sole shareholder, and principal securities executive of a corporation, H.J. Meyers. Villa did not handle Hoffend's account; instead, it

2

was managed, and allegedly fraudulently mismanaged, by two brokers who were H.J. Meyers employees. Hoffend filed an arbitration claim in 1995 with the National Association of Securities Dealers, against Villa, H.J. Meyers, and the two brokers who handled Hoffend's investment account. In the claim, Hoffend alleged, inter alia, violations of § 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934.

Villa filed Chapter 11 bankruptcy in June 1999.[1] In September 1999, Hoffend filed an adversary complaint in the bankruptcy proceeding, contending that his claim against Villa was nondischargeable under the Bankruptcy Code's fraud exception to discharge, 11 U.S.C. § 523(a)(2)(A).[2] Hoffend did not allege that Villa made any fraudulent representations to Hoffend; instead, Hoffend alleged that Villa was a controlling person under § 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a),[3] and thus that the alleged fraud of the two H.J.

---

[1] Villa's filing of a bankruptcy petition automatically stayed Hoffend's arbitration proceeding against Villa, pursuant to 11 U.S.C. § 362(a).

[2] This exception provides that any debt for money obtained by "false pretenses, a false representation, or actual fraud" is not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(2)(A).

[3] Section 20(a) of the Securities Exchange Act provides:
Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

Meyers brokers could be imputed to Villa, so as to render Hoffend's claim nondischargeable as to Villa. Based on Hoffend's failure to allege that Villa made any false representations, Villa filed a motion to dismiss for failure to state a claim. The Bankruptcy Court granted the motion to dismiss, holding that Hoffend's allegations were insufficient to establish fraud which would preclude Villa's discharge of the claim in bankruptcy. The District Court affirmed, and Hoffend has appealed.

## STANDARD OF REVIEW

Our review of a dismissal for failure to state a claim is <u>de novo</u>. <u>See</u> <u>In re Johannessen</u>, 76 F.3d 347, 349 (11th Cir. 1996) (citing <u>Hunnings v. Texaco, Inc.</u>, 29 F.3d 1480, 1484 (11th Cir. 1994)). In conducting our review we must, like the Bankruptcy Court, accept the allegations of the complaint as true and construe the alleged facts in the light most favorable to the plaintiff. <u>See</u> <u>Hunnings</u>, 29 F.3d at 1484.

## DISCUSSION

Hoffend concedes – he has never argued otherwise – that Villa made no false representation to him at any time. Based on Hoffend's failure to allege a

---

15 U.S.C. § 78t(a).

misrepresentation by Villa, the Bankruptcy Court dismissed Hoffend's complaint for failure to allege the elements of fraud required under § 523(a)(2)(A). In reaching this decision, the Bankruptcy Court relied on the four elements set forth in Schweig v. Hunter (In re Hunter), 780 F.2d 1577 (11th Cir. 1986): (1) the debtor made a false representation with the purpose and intention of deceiving the creditor; (2) the creditor relied on the representation; (3) the creditor's reliance was reasonably founded; and (4) the creditor sustained a loss as a result of the representation. Id. at 1579. In the instant case, it is undisputed that Villa made no false representation to Hoffend; it is undisputed that Villa committed no fraud which would render Hoffend's claim nondischargeable under § 523(a)(2)(A).

Our analysis does not end, however, with the foregoing conclusion. Hoffend argues that, while Villa committed no fraud, the alleged fraud of the H.J. Meyers employees, for which Villa may be liable as a controlling person under § 20(a) of the Securities Exchange Act, should be imputed to Villa so as to render Hoffend's claim nondischargeable as to Villa. Villa relies upon In re Hunter. The issue there was whether a debtor's failure to volunteer information about his financial condition to a prospective lender could render the debt nondischargeable in bankruptcy after the debtor defaulted on the loan. See id. at 1578-79. Relying in part on the Supreme Court's decision in Neal v. Clark, 95 U.S. 704 (1877), this

Court held that, for a debt to fall within the exception to dischargeability, the debtor must have committed positive, actual fraud. See In re Hunter, 780 F.2d at 1579 (citing Neal, 95 U.S. at 709). We concluded that the debtor's failure to disclose unsolicited details regarding his financial condition did not satisfy the positive fraud requirement of § 523(a)(2)(A). See id. at 1580. While In re Hunter addressed the conduct that constitutes fraud under § 523(a)(2)(A), it did not address the circumstances under which fraud, once established, may be imputed to a debtor to preclude a discharge in bankruptcy; thus, the holding of In re Hunter is not dispositive of this case.

Hoffend relies upon Strang v. Bradner, 114 U.S. 555, 5 S.Ct. 1038 (1885). There, the Supreme Court addressed the issue of whether two bankrupt debtors, who were vicariously liable under agency law for a debt incurred through the fraud of their co-partner, were precluded from discharging that debt in bankruptcy. See id. at 561, 5 S. Ct. at 1041. Strang distinguished the holding of Neal, where the Court had interpreted fraud to mean actual or positive fraud rather than implied fraud. See Strang, 114 U.S. at 559, 5 S. Ct. at 1040 (citing Neal, 95 U.S. at 709). Strang held that Neal's positive fraud requirement was satisfied by the fraud of the debtors' co-partner. The question before the Court in Strang was whether the debtors, who had been unaware of their co-partner's fraud, could nonetheless be

6

precluded from discharging the debt in bankruptcy.  See Strang, 114 U.S. at 559, 561, 5 S. Ct. at 1040-41.  The Court held that the co-partner's fraud, imputed to the debtors, precluded their discharge of the debt.  See id. at 561, 5 S. Ct. 1041. Hoffend argues that the holding of Strang should extend to preclude Villa's discharge of a claim based on his employees' fraud, for which Villa may be responsible under § 20(a).

Thus, under Neal and Strang and their progeny, a debt may be excepted from discharge when the debtor personally commits actual, positive fraud, and also when such actual fraud is imputed to the debtor under agency principles.  Different inquiries arise under each of these ways to render a debt nondischargeable.  Under the first inquiry, the issue is whether the debtor's conduct amounted to actual fraud under § 523(a)(2)(A).  See Neal, 95 U.S. at 709 (stating that the Bankruptcy Code's fraud exception to discharge requires proof of actual fraud rather than constructive or implied fraud "which may exist without the imputation of bad faith or immorality").  Under the second inquiry, which arises when actual fraud has been committed by someone other than the debtor, the issue is whether the debtor may be held liable for the other's fraud so as to render the resulting debt nondischargeable by the debtor.  See Strang, 114 U.S. at 561, 5 S. Ct. at 1041 (stating that, after the Court had determined that the debtors' co-partner committed

7

actual fraud, the other question to be determined was whether the actual fraud should be imputed to the partners who were without knowledge of the fraud so as to render their debt nondischargeable also).

The instant appeal focuses on the second inquiry. Hoffend argues that the holding of <u>Strang</u>, imputing actual fraud to an innocent partner under the doctrine of respondeat superior so as to render the innocent partner's debt nondischargeable, should be extended to the instant situation in which Hoffend has alleged that Villa is liable for the actual fraud of the broker-employees of H.J. Meyers, not under agency principles, but as a controlling person under § 20(a).[4] We are not convinced that the reach of <u>Strang</u> extends so far as to render Villa's § 20(a) liability nondischargeable under § 523(a)(2)(A).

In reaching this conclusion, we are mindful of our obligation to construe strictly exceptions to discharge in order to give effect to the fresh start policy of Bankruptcy Code. <u>See</u> <u>In re Walker</u>, 48 F.3d 1161, 1164-65 (11th Cir. 1995). Thus, we are bound to a narrow reading of <u>Strang</u>. <u>Strang</u> imputed liability for fraud in bankruptcy based on the common law of partnership and agency. <u>See</u> <u>Strang</u>, 114 U.S. at 561, 5 S. Ct. at 1041. In the instant case, there is no suggestion

---

[4] In the Rule 12(b)(6) posture of this case, we assume, <u>arguendo</u>, for purposes of this appeal only, first that the broker-employees committed actual fraud which would render their own liability therefor nondischargeable, and second that Villa would be liable as a controlling person under § 20(a) for the fraud of his broker-employees.

that Villa and the H.J. Meyers broker-employees were partners, so partnership law, as applied in <u>Strang</u>, is inapplicable in this case. While it may be argued that the holding of <u>Strang</u> was founded on general principles of agency law, rather than limited to the particular confines of partnership law, liability under § 20(a) is not equivalent to liability under the common law of agency. <u>See</u> <u>Paul F. Newton & Co. v Texas Commerce Bank</u>, 630 F.2d 1111, 1118 (5th Cir. 1980) (holding that common law agency principles, including the doctrine of respondeat superior, are distinct from § 20(a), and that both § 20(a) and respondeat superior are distinct theories which may be relied upon in imposing secondary liability for violations of the Securities Exchange Act).[5] Significantly for our purposes, § 20(a) liability may, in some instances, be imposed where agency liability under <u>Strang</u> would not. Under this Court's interpretation of the term "controlling person" under § 20(a), a

---

[5] The Eleventh Circuit, in the <u>en banc</u> decision <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. The majority of our sister circuits, as well, have held that common law agency principles remain a separate basis, distinct from § 20(a), for imposing secondary liability for § 10(b) violations. <u>See</u> <u>Commerford v. Olson</u>, 794 F.2d 1319, 1323 (8th Cir. 1996); <u>Hollinger v. Titan Capital Corp.</u>, 914 F.2d 1564, 1577-78 (9th Cir. 1990), <u>cert. denied</u>, 499 U.S. 976, 111 S. Ct. 1621, 113 L.Ed.2d 719 (1991); <u>In re Atlantic Fin. Management, Inc.</u>, 784 F.2d 29, 35 (1st Cir. 1986); <u>Henricksen v. Henricksen</u>, 640 F.2d 880, 887 (7th Cir.), <u>cert. denied</u>, 454 U.S. 1097, 102 S. Ct. 669, 70 L.Ed.2d 637 (1981); <u>Marbury Mgt., Inc. v. Kohn</u>, 629 F.2d 705, 716 (2d Cir.), <u>cert. denied</u>, 449 U.S. 1011, 101 S. Ct. 566, 66 L.Ed.2d 469 (1980); <u>Holloway v. Howerdd</u>, 536 F.2d 690, 696 (6th Cir. 1976); <u>Carras v. Burns</u>, 516 F.2d 251, 259 (4th Cir. 1975); <u>Kerbs v. Fall River Indus., Inc.</u>, 502 F.2d 731, 741 (10th Cir. 1974). The Third Circuit has held that respondeat superior remains available, apart from § 20(a), in certain securities cases. <u>See</u> <u>Sharp v. Coopers & Lybrand</u>, 649 F.2d 175, 181 (3d Cir. 1981) (accounting firm defendant); <u>Rochez Bros. v. Rhoades</u>, 527 F.2d 880, 884-86 (3d Cir. 1975) (broker-dealer defendant).

"controlling person" may include not only partners or principals under agency law, but also any person who has the power to control the conduct of another person who has violated securities laws. See Brown v. Enstar Group, Inc., 84 F.3d 393, 396 (11th Cir. 1996) (holding that a defendant is liable as a controlling person if he had the power to control the general affairs of the entity primarily liable at the time the entity violated the securities laws, and had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in the primary liability), aff'g Brown v. Mendel, 864 F. Supp. 1138 (M.D. Ala. 1994), cert. denied, 519 U.S. 1112, 117 S. Ct. 950, 136 L.Ed.2d 838 (1997). See also Cheney v. Cyberguard Corp., 2000 WL 1140306, at *6 (S.D. Fla. Jul 31, 2000) (holding that shareholder-plaintiffs stated a § 20(a) claim against a corporation's Chairman of the Board, President, and CEO, based on his power to control the corporate policy that resulted in corporate liability under § 10(b)). Thus, corporate officers and directors, persons who are presumptively beyond the reach of respondeat superior,[6] may be caught in the net of § 20(a).[7] In this light, to hold that

---

[6] Under the doctrine of respondeat superior, a corporate employer is responsible for the conduct of its employees. See Florida Real Estate Commission v. McGregor, 336 So.2d 1156, 1159 (Fla. 1976). Absent exceptional circumstances, however, this liability does not extend to corporate principals or shareholders. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114, 1120-21 (Fla. 1984) (holding that liability for an employee's negligence extends only to the employer-corporation, based on the rule that persons using the corporate form to conduct business are protected from personal liability unless the corporation is formed or used for an illegal, fraudulent or other unjust purpose which justifies piercing of the corporate veil) (citation

10

§ 20(a) liability may render a debt nondischargeable under § 523(a)(2)(A) would be to extend the holding of Strang beyond its basis in agency law. We conclude that the potential scope of § 20(a) liability does not fall within a narrow reading of Strang. We decline to expand the holding of Strang; thus, we hold that a debtor's § 20(a) liability for another's fraud – to the extent that it expands the imputation of liability beyond respondeat superior liability – does not impute culpability to the debtor so as to render a debt nondischargeable by the debtor under § 523(a)(2)(A).

Although it may be true that § 20(a) liability is akin to agency liability in some respects, fraud liabilities, other than securities violations, resulting from the actions of a corporate employee are not ordinarily imputed to the principals or shareholders of the corporation and rendered nondischargeable under § 523(a)(2)(A). See RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1296-97 (5th Cir. 1995) (rejecting the argument that the fraud of one corporate officer, director, and shareholder should be imputed to another officer, director, and shareholder, the President, noting that the involved officer was not an agent of the President of the

omitted).

[7] Accord Paul F. Newton & Co. v Texas Commerce Bank, 630 F.2d 1111, 1117-18 (5th Cir. 1980) (observing that, in enacting § 20(a), "Congress intended to extend the coverage of the [federal securities] acts to encompass persons who exercised effective control over persons directly liable for violations of the acts and upon whom agency law or other common law principles would not impose liability").

corporation).  We see nothing in the bankruptcy laws,[8] the securities laws, or the

legislative history of § 20(a) to suggest that such a liability resulting from

violations of securities laws should be treated differently for purposes of the fraud

exception from dischargeability.  To the contrary, well established bankruptcy law

directs courts to construe narrowly exceptions to discharge in order to give affect

to the fresh start policy of the Bankruptcy Code.  Congress has enacted numerous

very specific exceptions to discharge, see 11 U.S.C. § 523; we believe that an

exception for § 20(a) liability should come from Congress and not the judiciary.

Hoffend did not allege, and does not argue, that Villa is liable pursuant to

respondeat superior for the alleged fraud of the H.J. Meyers employees.[9]  There

being no issue of liability pursuant to respondeat superior in this appeal, we hold

---

[8] Hoffend argues that a line of cases following Strang supports his position that another's fraud may be imputed to a debtor to render a debt nondischargeable by the debtor.  See, e.g., In re M.M. Winkler & Assocs., 239 F.3d 746, 751 (5th Cir. 2001) (holding that a debt incurred through the fraud of one business partner was nondischargeable as to innocent partners who, although unaware of the fraud, were liable for the debt under state partnership law); BancBoston Mortgage Corp. v. Ledford, 970 F.2d 1556, 1561 (6th Cir. 1992) (holding that an obligation based on a partner's fraud was nondischargeable by a debtor although the debtor neither knew of nor ratified his partner's fraud), cert. denied sub nom., Sikes v. BancBoston Mortgage Corp., 507 U.S. 916, 113 S. Ct. 1272 (1993); Luce v. First Equip. Leasing Corp., 960 F.2d 1277, 1282 (5th Cir. 1992) (holding that a husband's fraudulent acts in his capacity as his wife's business partner were imputed to the wife, making the debt nondischargeable by her under § 523(a)(2)(A)).  These cases are not helpful to Hoffend, as they rely on principles of agency law to impute liability, and they were decided in the context of the business partnership framework.  As discussed above, § 20(a) liability does not fall within the narrow scope of this precedent.

[9] Thus, we address no issues relating to a claim of liability on the part of Villa pursuant to respondeat superior.

12

that Villa's potential § 20(a) liability is not in itself sufficient to render the debt nondischargeable under § 523(a)(2)(A).

Hoffend cites Owens v. Miller, 240 B.R. 566 (Bankr. W.D. Mo. 1999), as particular support for his argument that fraud may be imputed under § 20(a) for nondischargeability purposes. Like the instant case, the plaintiffs in Owens sought to impute to the Chairman of the Board and President-Chief Executive Officer liability for the actual fraud of a broker-employee of the corporate brokerage firm. The bankruptcy court noted the general rule that an employee of a corporation is not an agent of the corporation's principals, thus acknowledging that there was no respondeat superior liability. See id. at 578. However, the court held that there was § 20(a) controlling person liability. See id. at 580. Although recognizing that no reported case had ever found nondischargeability on the basis of § 20(a) imputed liability, the court indicated that § 20(a) created an agency-like relationship, and held that the § 20(a) imputed liability of the corporate principals was nondischargeable under § 523(a)(2)(A). See id. at 580-81.

We are not persuaded by Owens. As noted above, we believe that the relationship described by § 20(a) is distinct from an agency relationship, and we decline to expand the holding of Strang beyond liabilities imposed pursuant to the doctrine of respondeat superior.

## CONCLUSION

For the foregoing reasons, the District Court's order affirming the

Bankruptcy Court's dismissal of Hoffend's nondischargeability complaint is

AFFIRMED.